NO.   94-388

IN THE SUPREME COURT OF THE STATE OF MONTANA

1995

JEFFREY KREGER and
LEA ANN KREGER,

      Plaintiffs and Respondents,

  -v-

DANIEL FRANCIS and
CHRISTINA L. FRANCIS,

      Defendants and Appellants.



CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM:   District Court of the Eighth Judicial District,
                In and for the County of Cascade,
                The Honorable Joel Roth, Judge presiding.

COUNSEL OF RECORD:

      For Appellants:

        Robert M. Kampfer, Great Falls, Montana

      For Respondents:

        Joan E. Cook, Miller & Cook, Great Falls, Montana

Submitted on Briefs:  March 23, 1995

Decided: June 15, 1995

Filed:

Clerk

Justice Fred J. Weber delivered the Opinion of the Court

This is an appeal from a decision of the Eighth Judicial District Court, Cascade County granting judgment in favor of Jeffrey Kreger and Lea Ann Kreger for reasonable attorney's fees and costs incurred. We reverse.

We restate the issue on appeal:

Did the District Court err when it ruled Jeffrey and Lea Ann Kreger did not waive their rights to terminate a lease for Daniel and Christina Francis' breach of the terms of the lease when Jeffrey and Lea Ann Kreger accepted full payment of rent?

On August 1, 1993, appellants, Daniel Francis and Christina Francis (Renters) entered into a written rental agreement with respondents, Jeffrey Kreger and Lea Ann Kreger (Landlords). The lease was for a term of six months and included the following provision:

> 9. We agree to obtain renters insurance for all property leased to us before moving into premises.

Renters applied for and obtained a policy of renters insurance on their belongings at the rented address. The policy of renters insurance was subsequently cancelled by the insurance company, effective October 1, 1993, because the Renters had a bad credit rating. Renters were unable to obtain further coverage.

On October 1, 1993, Landlords sent to Renters a 30 day Notice to Quit and Notice Terminating Rental Agreement which referenced the fact Renters were unable to obtain renters insurance as required by Section 9 of the Lease Agreement. The Landlords sent

2

another notice to Renters on October 16, 1993, in the event the prior notice was premature given that Renters had until the end of the day, October 1, 1993, before their coverage terminated. Renters refused to vacate the premises at the end of the 30 day period. So, Landlords filed a cause of action for possession in the Justice Court.

Landlords accepted $600.00 on or about the first day of each month the Renters remained in possession -- October, November and December of 1993. Renters vacated the premises at the end of December 1993, after the first trial in Justice Court.

The Justice Court ruled in favor of the Landlords and awarded costs and attorney's fees in the amount of $452.50 to the Landlords. Renters appealed to District Court and a de novo bench trial was conducted on June 14, 1994. On June 28, 1994, the District Court entered judgment for Landlords and against Renters concluding acceptance of the monthly rent from Renters by Landlords did not waive Landlords' right to terminate the Rental Agreement for the Renters' failure to obtain renters insurance. The District Court awarded costs and attorney's fees to Landlords.

From the District Court's June 28, 1994 decision, Renters appeal.

Did the District Court err when it ruled Jeffrey and Lea Ann Kreger did not waive their rights to terminate a lease for Daniel and Christina Francis' breach of the terms of the lease when Jeffrey and Lea Ann Kreger accepted full payment of rent?

The District Court found that the rent was paid current as of

the date the Renters vacated the premises.  The court concluded the following **as a matter** of law:

> 3. Acceptance of the monthly rent from Tenants [Renters] by the Landlord did not waive their right to terminate the Rental Agreement for the Tenants' [Renters'] failure to obtain Renters Insurance.  Acceptance of the payment of rent is a waiver of a claimed breach of a Rental Agreement, only if that claimed breach is the nonpayment of rent.  Section 70-24-423, MCA.

The court's interpretation of § 70-24-423, MCA, is at issue. Section 70-24-423, MCA states the following:

> **Waiver of landlord's right to terminate for breach.** Acceptance by the landlord of full payment of rent due with knowledge of a tenant's default or acceptance by the landlord of a tenant's performance that varies from the terms of the rental agreement constitutes a waiver of the landlord's right to **terminate** the rental agreement for that breach unless otherwise agreed after the breach has occurred.  The acceptance of partial payment of rent due does not constitute a waiver of any right.

Renters point out Landlords accepted full, current monthly rental payments from Renters for three months after the expiration of the renters insurance policy.  Renters allege there was never an arrearage of rent and there was never any understanding other than that the payments were made for the current month's rent.  Renters argue the plain language of § 70-24-423, MCA, provides acceptance of rent constitutes a waiver of any breach known to the landlord. Here, Landlords knew Renters' breached Section 9 of the lease prior to accepting rent.  Therefore, Landlords waived this breach when they accepted full payment of rent and, thus, had no basis to evict Renters.

Renters conclude the District Court erred in awarding costs and fees to Landlords because Landlords had no grounds to bring an

4

**eviction suit against Renters.** Renters request this Court reverse the District Court's judgment and award costs and fees to Renters.

Landlords argue they did not waive any breach by accepting the rent due and the District Court came to the correct conclusion of law. At no time did they agree the provision of renters insurance was waived. Landlords contend all of their conduct indicates they did not accept the varied performance of the Renters and that they intended to treat the varied performance as a default.

Landlords argue, according to Renters' analysis, all landlords must refuse payment of rent or else they forgo remedies for a breach. Additionally, Landlords contend that a proffered payment of rent must be accepted by the landlord under the landlord's duty to mitigate damages.

Our standard of review of the District Court's conclusion of law is to determine if the District Court's interpretation of the law is correct. Steer, Inc. v. Department of Revenue (1990), 245 Mont. 470, 474-475, 803 P.2d 601, 603-604.

We have held, "where the language of the statute is plain, unambiguous, direct, and certain, the statute speaks for itself." State ex rel. Palmer v. Hart (1982), 201 Mont. 526, 530, 655 P.2d 965, 967. The language of § 70-24-423, MCA, is clear -- "[a]cceptance by the landlord of full payment of rent due <u>with knowledge of a tenant's default</u> . . . constitutes a <u>waiver</u> of the landlord's right to terminate the rental agreement <u>for that breach.</u> . . " (Emphasis added.) We cannot insert limiting language where none exists. Section 1-2-101, MCA; <u>Palmer,</u> 655 P.2d at 969.

5

Landlords accepted the rent on the first day of the month to which it would be applied. We hold that, for each month where Landlords accepted full rent, Landlords waived their right to terminate the lease for failure to obtain renters insurance.

The District Court's interpretation of § 70-24-423, MCA, was incorrect. We conclude the District Court erred when it ruled Landlords did not waive their rights to terminate a lease for Renters' breach of its terms when Landlords accepted full payment of rent.

Renters have requested costs and attorney's fees be awarded to them. Attorney's fees are awarded by statute or by contract. Joseph Russell Realty Co. v. Kenneally (1980), 185 Mont. 496, 505, 605 P.2d 1107, 1112. Neither the Lease/Rental Agreement nor relevant statute grants an award of attorney's fees to Renters. Therefore, none will be awarded here.

The judgment awarding attorney's fees and costs to Landlords is reversed.

_____
Justice

We Concur:

_____
Chief Justice

_____

_____

6

_____

W. William Rehnquist
        Justices

Justice Terry N. Trieweiler dissenting.

I dissent from the majority opinion. I would affirm the District Court's conclusion that:

> Acceptance of the payment of rent is a waiver of a claimed breach of a Rental Agreement, only if that claimed breach is the nonpayment of rent. Section 70-24-423, MCA.

To conclude, as the majority has, that acceptance of rent waives some breach other than nonpayment of rent, will lead to absurd results, is contrary to other provisions in the Landlord and Tenant Act, and is obviously contrary to the intention of the Legislature.

The majority opinion refers to § 1-Z-101, MCA, selectively. That section **also** provides that several provisions of a legislative act are to be construed so as to give effect to all. Furthermore, § 1-Z-102, MCA, provides in part that "[i]n the construction of a statute, the intention of the legislature is to be pursued if possible." The majority opinion satisfies neither of these statutory directives.

In construing § 70-24-423, MCA, we must look at all of its terms and not isolate any particular phrase. Only by doing so can the obvious purpose of the statute be accomplished and absurd results avoided.

When § 70-24-423, MCA, is examined in its entirety, and in the context of the entire Landlord and Tenant Act, it is apparent that the Legislature intended that a landlord's acceptance of performance by a tenant in some manner that deviated from the

8

literal requirements of the rental agreement would constitute a waiver of the literal requirements. For example, if late payments are accepted, then late payments cannot provide the basis for termination of the contract. However, precluding a landlord from accepting rental payments as a condition to enforcing unrelated terms of the contract, ignores that statutory requirement found at § 70-24-401(1), MCA, that a landlord has "a duty to mitigate damages." It has the effect of punishing a landlord twice where a tenant breaches a rental agreement in some manner other than by nonpayment of rent.

For example, where rental property is repeatedly damaged by a tenant, contrary to a contractual provision that it be maintained in good condition, a landlord would have to forego future rental payments during the potentially lengthy time it may take to evict the tenant for property damage. Not only does the landlord in that situation sustain property damage, but also the income which may be necessary to satisfy the landlord's own financial obligations with regard to the property. Surely, this was never the Legislature's intention. Obviously this result is contrary to the statutory requirement that a landlord mitigate his or her damage. For these reasons, I would affirm the District Court's conclusion that acceptance by the landlord of payment of rent waives a tenant's default only when that default is based on failure to pay rent.

_____
stice

Chief Justice J. A. Turnage and Justice William E. Hunt, Sr., join in the foregoing dissenting opinion.

_____
Chief Justice

_____
Justice

June 1.5, 1995

<u>CERTIFICATE   OF   SERVICE</u>

I hereby certify that the following certified order was sent by United States mail, prepaid, to the following named:

Robert M. Kampfer
Attorney at Law
P.O. Box 1946
Great Falls, MT 59403-1946

Joan E. Cook, Esq.
Miller & Cook
600 Central Plaza, Ste. 300
Great Falls, MT 59401

ED  SMITH
CLERK OF THE SUF'REME COURT
STATE  OF  MONTANA

BY: _____
Deputy