898 P.2d 672 (1995)
Jeffrey KREGER and Lea Ann Kreger, Plaintiffs and Respondents,
v.
Daniel FRANCIS and Christina L. Francis, Defendants and Appellants.
No. 94-388.
Supreme Court of Montana.
Submitted on Briefs March 23, 1995.
Decided June 15, 1995.
As Amended on Denial of Rehearing July 27, 1995.
Robert M. Kampfer, Great Falls, for appellants.
Joan E. Cook, Miller & Cook, Great Falls, for respondents.
WEBER, Justice.
This is an appeal from a decision of the Eighth Judicial District Court, Cascade County granting judgment in favor of Jeffrey Kreger and Lea Ann Kreger for reasonable attorney's fees and costs incurred. We reverse.
We restate the issue on appeal:
Did the District Court err when it ruled Jeffrey and Lea Ann Kreger did not waive their rights to terminate a lease for Daniel and Christina Francis' breach of the terms of the lease when Jeffrey and Lea Ann Kreger accepted full payment of rent?
On August 1, 1993, appellants, Daniel Francis and Christina Francis (Renters) entered into a written rental agreement with respondents, Jeffrey Kreger and Lea Ann Kreger (Landlords). The lease was for a term of six months and included the following provision:

*673 9. We agree to obtain renters insurance for all property leased to us before moving into premises.
Renters applied for and obtained a policy of renters insurance on their belongings at the rented address. The policy of renters insurance was subsequently cancelled by the insurance company, effective October 1, 1993, because the Renters had a bad credit rating. Renters were unable to obtain further coverage.
On October 1, 1993, Landlords sent to Renters a 30 day Notice to Quit and Notice Terminating Rental Agreement which referenced the fact Renters were unable to obtain renters insurance as required by Section 9 of the Lease Agreement. The Landlords sent another notice to Renters on October 16, 1993, in the event the prior notice was premature given that Renters had until the end of the day, October 1, 1993, before their coverage terminated. Renters refused to vacate the premises at the end of the 30 day period. So, Landlords filed a cause of action for possession in the Justice Court.
Landlords accepted $600.00 on or about the first day of each month the Renters remained in possession  October, November and December of 1993. Renters vacated the premises at the end of December 1993, after the first trial in Justice Court.
The Justice Court ruled in favor of the Landlords and awarded costs and attorney's fees in the amount of $452.50 to the Landlords. Renters appealed to District Court and a de novo bench trial was conducted on June 14, 1994. On June 28, 1994, the District Court entered judgment for Landlords and against Renters concluding acceptance of the monthly rent from Renters by Landlords did not waive Landlords' right to terminate the Rental Agreement for the Renters' failure to obtain renters insurance. The District Court awarded costs and attorney's fees to Landlords.
From the District Court's June 28, 1994 decision, Renters appeal.
Did the District Court err when it ruled Jeffrey and Lea Ann Kreger did not waive their rights to terminate a lease for Daniel and Christina Francis' breach of the terms of the lease when Jeffrey and Lea Ann Kreger accepted full payment of rent?
The District Court found that the rent was paid current as of the date the Renters vacated the premises. The court concluded the following as a matter of law:
3. Acceptance of the monthly rent from Tenants [Renters] by the Landlord did not waive their right to terminate the Rental Agreement for the Tenants' [Renters'] failure to obtain Renters Insurance. Acceptance of the payment of rent is a waiver of a claimed breach of a Rental Agreement, only if that claimed breach is the nonpayment of rent. Section 70-24-423, MCA.
The court's interpretation of § 70-24-423, MCA, is at issue. Section 70-24-423, MCA states the following:
Waiver of landlord's right to terminate for breach. Acceptance by the landlord of full payment of rent due with knowledge of a tenant's default or acceptance by the landlord of a tenant's performance that varies from the terms of the rental agreement constitutes a waiver of the landlord's right to terminate the rental agreement for that breach unless otherwise agreed after the breach has occurred. The acceptance of partial payment of rent due does not constitute a waiver of any right.
Renters point out Landlords accepted full, current monthly rental payments from Renters for three months after the expiration of the renters insurance policy. Renters allege there was never an arrearage of rent and there was never any understanding other than that the payments were made for the current month's rent. Renters argue the plain language of § 70-24-423, MCA, provides acceptance of rent constitutes a waiver of any breach known to the landlord. Here, Landlords knew Renters' breached Section 9 of the lease prior to accepting rent. Therefore, Landlords waived this breach when they accepted full payment of rent and, thus, had no basis to evict Renters.
Renters conclude the District Court erred in awarding costs and fees to Landlords because Landlords had no grounds to bring an eviction suit against Renters. Renters request this Court reverse the District Court's *674 judgment and award costs and fees to Renters.
Landlords argue they did not waive any breach by accepting the rent due and the District Court came to the correct conclusion of law. At no time did they agree the provision of renters insurance was waived. Landlords contend all of their conduct indicates they did not accept the varied performance of the Renters and that they intended to treat the varied performance as a default.
Landlords argue, according to Renters' analysis, all landlords must refuse payment of rent or else they forgo remedies for a breach. Additionally, Landlords contend that a proffered payment of rent must be accepted by the landlord under the landlord's duty to mitigate damages.
Our standard of review of the District Court's conclusion of law is to determine if the District Court's interpretation of the law is correct. Steer, Inc. v. Department of Revenue (1990), 245 Mont. 470, 474-475, 803 P.2d 601, 603-604.
We have held, "where the language of the statute is plain, unambiguous, direct, and certain, the statute speaks for itself." State ex rel. Palmer v. Hart (1982), 201 Mont. 526, 530, 655 P.2d 965, 967. The language of § 70-24-423, MCA, is clear  "[a]cceptance by the landlord of full payment of rent due with knowledge of a tenant's default ... constitutes a waiver of the landlord's right to terminate the rental agreement for that breach. ..." (Emphasis added.) We cannot insert limiting language where none exists. Section 1-2-101, MCA; Palmer, 655 P.2d at 969.
Landlords accepted the rent on the first day of the month to which it would be applied. We hold that, for each month where Landlords accepted full rent, Landlords waived their right to terminate the lease for failure to obtain renters insurance.
The District Court's interpretation of § 70-24-423, MCA, was incorrect. We conclude the District Court erred when it ruled Landlords did not waive their rights to terminate a lease for Renters' breach of its terms when Landlords accepted full payment of rent.
Renters have requested costs and attorney fees be awarded to them. Attorney fees are authorized by statute or by contract. Joseph Russell Realty Co. v. Kenneally (1980), 185 Mont. 496, 505, 605 P.2d 1107, 1112. Section 70-24-442, MCA, provides:
(1) In an action on a rental agreement or arising under this chapter, reasonable attorney fees, together with costs and necessary disbursements, may be awarded to the prevailing party nonwithstanding an agreement to the contrary.
(2) As used in this section, "prevailing party" means the party in whose favor final judgment is rendered. (Emphasis added.)
The subject Lease/Rental Agreement does not authorize an award of attorney fees; and, under the circumstances of this case, we conclude an award of attorney fees is not appropriate.
The judgment awarding attorney's fees and costs to Landlords is reversed.
GRAY, NELSON and LEAPHART, JJ., concur.
JUSTICE TRIEWEILER dissenting.
I dissent from the majority opinion. I would affirm the District Court's conclusion that:
Acceptance of the payment of rent is a waiver of a claimed breach of a Rental Agreement, only if that claimed breach is the nonpayment of rent. Section 70-24-423, MCA.
To conclude, as the majority has, that acceptance of rent waives some breach other than nonpayment of rent, will lead to absurd results, is contrary to other provisions in the Landlord and Tenant Act, and is obviously contrary to the intention of the Legislature.
The majority opinion refers to § 1-2-101, MCA, selectively. That section also provides that several provisions of a legislative act are to be construed so as to give effect to all. Furthermore, § 1-2-102, MCA, provides in part that "[i]n the construction of a statute, the intention of the legislature is to be pursued if possible." The majority opinion satisfies neither of these statutory directives.
*675 In construing § 70-24-423, MCA, we must look at all of its terms and not isolate any particular phrase. Only by doing so can the obvious purpose of the statute be accomplished and absurd results avoided.
When § 70-24-423, MCA, is examined in its entirety, and in the context of the entire Landlord and Tenant Act, it is apparent that the Legislature intended that a landlord's acceptance of performance by a tenant in some manner that deviated from the literal requirements of the rental agreement would constitute a waiver of the literal requirements. For example, if late payments are accepted, then late payments cannot provide the basis for termination of the contract. However, precluding a landlord from accepting rental payments as a condition to enforcing unrelated terms of the contract, ignores that statutory requirement found at § 70-24-401(1), MCA, that a landlord has "a duty to mitigate damages." It has the effect of punishing a landlord twice where a tenant breaches a rental agreement in some manner other than by nonpayment of rent.
For example, where rental property is repeatedly damaged by a tenant, contrary to a contractual provision that it be maintained in good condition, a landlord would have to forego future rental payments during the potentially lengthy time it may take to evict the tenant for property damage. Not only does the landlord in that situation sustain property damage, but also the income which may be necessary to satisfy the landlord's own financial obligations with regard to the property. Surely, this was never the Legislature's intention. Obviously this result is contrary to the statutory requirement that a landlord mitigate his or her damage. For these reasons, I would affirm the District Court's conclusion that acceptance by the landlord of payment of rent waives a tenant's default only when that default is based on failure to pay rent.
TURNAGE, C.J., and HUNT, J., join in the foregoing dissenting opinion.