No. 96-674

IN THE SUPREME COURT OF THE STATE OF MONTANA

1997


STATE OF MONTANA,

Plaintiff and Appellant,

v.

BARBARA E. McELDERRY,

Defendant and Respondent.



APPEAL FROM:   District Court of the Twentieth Judicial District,
In and for the County of Lake,
The Honorable C. B. McNeil., Judge presiding.


COUNSEL OF RECORD:

For Appellant:

Lawrence J. Nistler, Attorney at Law, Polson, Montana

For Respondent:

Hon. Joseph P. Mazurek, Attorney General;
Patricia J. Jordan, Assistant Attorney General;
Helena, Montana

Kim Christopher, Lake County Attorney;
Robert J. Long, Deputy County Attorney;
Polson, Montana



Submitted on Briefs: August 7, 1997

Decided: September 8, 1997
Filed:


_____

Clerk

Justice Terry N. Trieweiler delivered the Opinion of the Court.

On October 16, 1996, the State of Montana charged Barbara McElderry, by complaint filed in the Lake County Justice Court, with driving under the influence of alcohol, fifth offense, a felony, in violation of  61-8-401(1)(a), MCA, and with reckless driving and driving while her license was suspended or revoked, in violation of 61-8-301(1)(b) and 61-5-212, MCA, respectively.  On October 25, 1996, the State filed a motion and affidavit for leave to file an information in District Court.  That motion was granted on October 28, 1996, and the information was filed that same day. The information, however, was later dismissed for the State's failure to file an information within a reasonable time from the date of the defendant's imprisonment.  The State appeals from the District Court's order dismissing the information.  We vacate the District Court's judgment and remand this case for further consideration consistent with this opinion.

The issues on appeal are:

1.   Did the District Court err when it calculated the time period referred to in  46-10-105, MCA, from the time of the defendant's arrest, rather than from her initial appearance?

2.   Did the District Court err when it concluded that in State v. Higley (1980), 190 Mont. 412, 621 P.2d 1043, this Court adopted a ten-day time limitation for charging a person in custody, consistent with Rule 5(c) of the Federal Rules of Criminal Procedure?

3.   Did the District Court err when it found the period of time which elapsed prior to the filing of the information unreasonable in this case?

FACTUAL BACKGROUND

On October 14, 1996, Barbara McElderry was arrested in Lake County for allegedly committing the offenses of driving under the influence of alcohol, reckless driving, and driving while her license was suspended.  In its complaint and affidavit, the State alleged that the arresting officer noticed McElderry's vehicle weaving in her lane and speeding along highway 93 near Pablo, Montana.  Following her detention and refusal to perform any of the standard field sobriety tests, McElderry was placed into custody in the Lake County jail.

Two days later, on October 16, 1996, McElderry made her initial appearance in the Lake County Justice Court and the State charged her by filing its complaint.  The charges brought against McElderry were driving under the influence of alcohol, her fifth offense, a felony pursuant to  61-8-401(1)(a), MCA, and the misdemeanors of reckless driving in violation of  61-8-301(1)(b), MCA, and driving while her license was

suspended or revoked in violation of 61-5-212, MCA.

On Friday, October 25, 1996, the State filed a motion for leave to file an information in the District Court for the Twentieth Judicial District in Lake County. The District Court granted leave to file the information on Monday, October 28, 1996. On that same day, fourteen days after McElderry's arrest and imprisonment, and twelve days after her initial appearance in the Justice Court, the State filed its information.

On October 29, 1996, McElderry filed a motion to dismiss the charges based on her contention that the reasonable time requirement in 46-10-105, MCA, as interpreted by this Court in Higley, 190 Mont. 412, 621 P.2d 1043, requires a determination of probable cause within ten days following a defendant's initial appearance. The State responded that this Court, in Higley, found that a ten-day delay prior to a determination of probable cause is not unreasonable, but that ten days is not considered an outer limit for what is reasonable. The District Court granted McElderry's motion and dismissed the State's information with prejudice.

In its order dismissing the State's information, the District Court adopted by reference McElderry's arguments as set out in her briefs, and stated that, pursuant to Higley, the State failed to hold a preliminary examination in Justice Court or obtain leave from the District Court to file the information within a reasonable time. The arguments presented by McElderry in support of her motion to dismiss, and which were later adopted by the District Court in its order, focused on our interpretation of 46-10-105, MCA, in Higley.

Section 46-10-105, MCA, provides as follows:

After the initial appearance, in all cases in which the charge is triable in district court, the justice's court shall, within a reasonable time, hold a preliminary examination unless:

    (1)  the defendant waives a preliminary examination;
    (2)  the district court has granted leave to file an information;
    (3)  an indictment has been returned; or
    (4)  the case is triable in justice's court.

Because McElderry was charged with a felony which is triable in district court, 46-10-105, MCA, requires that, unless an exception applies, a preliminary examination must be held within a reasonable time after McElderry's initial appearance. Of the four enumerated exceptions to the reasonable time requirement in the statute, only subsection (2) "the district court has granted leave to file an information," applies to this case. McElderry, however, contends, and we agree, that the exception does not apply if a "reasonable time" expired before leave was granted.

The Federal statute referred to by McElderry, as set out in Higley, states in relevant part:

"Such examination shall be held within a reasonable time but in any event no later than 10 days following the initial appearance if the defendant is in custody . . . provided, however, that the preliminary examination shall not be held if the defendant is indicted or if an information against the defendant is filed in district court . . . ."

Higley, 190 Mont. at 419, 621 P.2d at 1048 (quoting 18 U.S.C. Fed. R. Crim. P. 5(c)).

On November 18, 1996, the District Court granted McElderry's motion to dismiss and adopted by reference the arguments presented by McElderry as a basis for finding the time lapse unreasonable. However, contrary to the assertions of both McElderry and the State, the District Court calculated the delay from October 14, 1996, the day McElderry was arrested and placed into custody, rather than October 16, 1996, the day she made her first appearance. The total delay assumed by the court was, therefore, fourteen days, rather than twelve.

## ISSUE 1

Did the District Court err when it calculated the time period referred to in 46-10-105, MCA, from the time of the defendant's arrest, rather than from her initial appearance?

The standard of review of a district court's conclusions of law is whether the court's interpretation of the law is correct. See Kreger v. Francis (1995), 271 Mont. 444, 447, 898 P.2d 672, 674. In Kreger, we held that "'where the language of the statute is plain, unambiguous, direct, and certain, the statute speaks for itself.'" Kreger, 271 Mont. at 447, 898 P.2d at 674 (quoting State ex rel. Palmer v. Hart (1982), 201 Mont. 526, 530, 655 P.2d 965, 967).

The District Court dismissed the State's information based in part on its conclusion that the time period at issue began at the moment McElderry was arrested and placed into custody. The plain language of the governing statute, however, clearly requires a preliminary examination to be held, or other determination of probable cause to be made, within a reasonable time after the initial appearance. Section 46-10-105, MCA, provides in relevant part that:

After the initial appearance, in all cases in which the charge is triable in district court, the justice's court shall, within a reasonable time, hold a preliminary examination unless:

. . . .

(Emphasis added.) Therefore, we conclude that the District Court erred in its calculation of the delay.

## ISSUE 2

Did the District Court err when it concluded that in State v. Higley (1980), 190 Mont. 412, 621 P.2d 1043, this Court adopted a ten-day time limitation for charging a person in custody, consistent with Rule 5(c) of the Federal Rules of Criminal Procedure?

In its order dismissing the State's information, the District Court concluded

that, pursuant to our decision in Higley, the reasonable time requirement set forth in 46-10-105, MCA, for holding a preliminary examination or otherwise making a determination of probable cause, has an outer limit of ten days. Based on this conclusion, the District Court found the fourteen day delay between McElderry's incarceration and the filing of the State's information unreasonable.

Section 46-10-105, MCA, itself, does not set a ten-day time limit, but merely states the preliminary hearing must be held within a reasonable time unless, inter alia, the court grants leave to file an information or unless another statutory exception applies. Contrary to the arguments set forth by McElderry, we did not adopt the ten-day time period established in Rule 5(c) of the Federal Rules of Criminal Procedure in our decision in Higley. We merely held that a ten-day delay in determining probable cause was not unreasonable. Our discussion in Higley of the current federal ten-day rule serves only as an example of jurisdictions using precise time limits, and to distinguish it from Montana's "reasonable time" rule which is similar to the previous federal rule.

Our intent in Higley was to demonstrate that even a ten-day delay, as proscribed by the federal statute, may not be unreasonable in Montana. This is evident in our discussion of James v. Lawrence (D.C. Cir. 1949), 176 F.2d 18, a case decided pursuant to the previous federal rule which merely required a hearing in a reasonable time. There, we noted that eighteen days was not an unreasonable delay. See James, 176 F.2d at 20. In another example of a standard similar to that used in Montana, we also noted in Higley the Alaska case of Martinez v. State (Alaska 1967), 423 P.2d 700, 710-11, in which the Alaska Supreme Court concluded that what constitutes a reasonable time must be determined by the facts of the case. In Martinez, a sixteen-day delay was found reasonable. See Martinez, 423 P.2d at 710. We therefore concluded in Higley that "a 10-day delay in determining probable cause was not unreasonable." Higley, 190 Mont at 420, 621 P.2d at 1048.

Therefore, we conclude that the District Court erred by holding that in Higley this Court adopted the ten-day time limitation for charging a person in custody as established by Rule 5(c) of the Federal Rules of Criminal Procedure.

                              ISSUE 3

Did the District Court err when it found the period of time which elapsed prior to the filing of the information unreasonable in this case?

We have held that a determination of a "reasonable time" pursuant to 46-10-105, MCA, is within the discretion of the district court. Higley, 190 Mont. 412, 621 P.2d 1043. The standard of review of discretionary trial court rulings in criminal cases

is
whether the trial court abused its discretion.  See State v. Sullivan (1994), 266 Mont.
313, 324, 880 P.2d 829, 836.  See also State v. Mergenthaler (1993), 263 Mont. 198, 204, 868 P.2d 560, 563; State v. Later (1993), 260 Mont. 363, 364, 860 P.2d 135, 136.

However, because the District Court erred in its calculation of the period of delay, we are not able to determine how the court would, in fact, exercise its discretion based on the actual delay which was twelve days.

Therefore, we conclude that the District Court erred in its calculation of the actual delay, and when it concluded that Higley established a ten-day time limit for granting leave to file an information.  Since the reasonableness of the delay is a discretionary decision which is factually driven, we do not know how the District Court would exercise its discretion, absent these erroneous assumptions and, therefore, vacate the prior judgment of the District Court and remand this case for further consideration consistent with this opinion.

/S/   TERRY N. TRIEWEILER

We Concur:

/S/   J. A.  TURNAGE
/S/   KARLA M. GRAY
/S/   W. WILLIAM LEAPHART
/S/   WILLIAM E. HUNT, SR.

_____

Chief Justice

_____

_____

_____

Justices