No. 98-675

IN THE SUPREME COURT OF THE STATE OF MONTANA

2000 MT 1

297 Mont. 459

992 P.2d 677

STATE OF MONTANA,

Plaintiff and Respondent,

v.

GARY HELGE DIESEN,

Defendant and Appellant.


APPEAL FROM: District Court of the Seventeenth Judicial District,

In and for the County of Valley,

The Honorable John C. McKeon, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

Mary L. Zemyan, Wolf Point, Montana

For Respondent:

Joseph P. Mazurek, Montana Attorney General, Tammy K. Plubell, Assistant Montana Attorney General, Helena, Montana; Kenneth Oster, Valley County Attorney, Glasgow, Montana

Submitted on Briefs: June 10, 1999

Decided: January 3, 2000

Filed:

_____

Clerk

Justice William E. Hunt, Sr. delivered the Opinion of the Court.

¶1.Gary Helge Diesen (Diesen) was convicted by jury of Boating Under the Influence of Alcohol, a misdemeanor, in violation of ? 23-2-523(2), MCA, in the Valley County Justice Court. Diesen then appealed his conviction to the Seventeenth Judicial District Court, Valley County, and filed a Motion for Dismissal, alleging that venue was improper because the State of Montana (the State) failed to prove that any element of the offense had occurred in Valley County. The State filed a response in opposition to Diesen's motion, arguing that venue was proper in Valley County pursuant to ? 46-3-114, MCA. A hearing was held at the close of which the District Court ruled orally from the bench that the State had "presented sufficient evidence to show that Valley County is a proper county" in which to file the charges against Diesen. Diesen was sentenced and now appeals to this Court. We affirm.

¶2.Although Diesen raises separate issues attacking both the evidentiary basis of the District Court's ruling as well as the legal conclusion arrived at by the court, his challenge can be restated as a single issue: Did the District Court properly deny Diesen's motion to dismiss the charge based on Diesen's allegation that the State could not prove if the offense on Fort Peck Lake occurred in Valley County or Garfield County?

Factual and Procedural Background

¶3.On the evening of August 15, 1996, Diesen drove from his home in Glasgow to the Flat Lake boat ramp in McCone County to take his motor boat for a short outing on Fort Peck Lake. Upon arriving at the boat ramp, Diesen parked his vehicle, untied his boat, and then headed for Rock Creek Marina in Garfield County.

¶4. On that same day, Alvin Hallock (Hallock) and a group of friends decided to show the Fort Peck Lake to some visitors from Billings. They departed in Hallock's motor boat from Fort Peck Marina in Valley County and traveled to the Rock Creek Marina in Garfield County. At about 9:30 p.m., after having dinner and drinks, they decided to return to the Fort Peck Marina. As they were leaving the marina in Hallock's boat, the group encountered Diesen pulling into the bay. Some of the passengers on Hallock's boat had a conversation with Diesen. Diesen requested that Hallock wait for him to gas up his boat.

¶5. Thus, Hallock and Diesen left the Rock Creek Marina at approximately the same time and traveled together in the direction of the Fort Peck Marina, which is located in Valley County. During the journey, Diesen began turning his lights on and off while operating his boat, and started recklessly maneuvering his boat from the left to the right of Hallock's boat. Somewhere in the relative vicinity of York Island, Diesen collided with Hallock's boat, causing significant damage. York Island is in Garfield County but near the county line.

¶6. After the collision, Hallock determined that Diesen was too intoxicated to safely operate his boat. Hallock thus enlisted one of his passengers to drive Diesen's boat back to the Fort Peck Marina. However, Diesen then became combative. Finally, two of Hallock's passengers had to physically restrain Diesen while his boat was piloted back to the marina.

¶7. Around 11:30 p.m. on August 15, 1996, Deputy Greg Speer (Deputy Speer) was patrolling the Fort Peck area and overheard a boater's request for a deputy to meet some boats at the dock. Upon arriving at the boat dock located at the Fort Peck Marina, Deputy Speer found Hallock at the front of Diesen's boat and observed that two other persons were holding Diesen down. Deputy Speer was told about Diesen's collision with Hallock's boat. Deputy Speer noted that Diesen smelled strongly of alcohol and also observed a number of alcohol containers in Diesen's boat. Ultimately, Deputy Speer arrested Diesen for boating under the influence of alcohol.

¶8. In an attempt to identify in which county the boating accident had occurred, Deputy Speer obtained a map of Fort Peck Lake showing the boundary lines between Garfield County and Valley County. The map depicted the county line as a meandering old riverbed that now lies underwater and runs the length of the main channel of Fort Peck Lake. Thus, the county line is not visible to the naked eye. Deputy Speer erased the county lines on the map, made photocopies of the revised map, and then showed a copy of the revised map to each of the witnesses to the accident and asked them to place an X where

they believed Diesen had collided with Hallock's boat. The results of this test were varied: one witness placed the X inside the Valley County line; another put the X in Garfield County; another located the X near the county line but the X was mostly in Garfield County; yet another drew a circle where he thought the "area" of the accident was and the circle encompassed both sides of the county line; and Hallock placed his X in Valley County.

¶9.At trial, Hallock testified that he is very familiar with Fort Peck Lake, having spent time on the lake every summer since 1965 and having boated extensively on the lake. Hallock opined that the collision occurred in Valley County. Diesen acknowledged at trial that he collided with Hallock's boat. When questioned if he knew the location of the collision, Diesen responded, "Pretty much, yes." Diesen's "best guess" was that the collision "happened in Garfield County."

Discussion

¶10.Did the District Court properly deny Diesen's motion to dismiss the charge based on Diesen's allegation that the State could not prove if the offense on Fort Peck Lake occurred in Valley County or Garfield County?

¶11.The grant or denial of a motion to dismiss in a criminal case is a question of law which we review *de novo*. State v. Reams (1997), 284 Mont. 448, 450, 945 P.2d 52, 54. Our standard of review of a conclusion of law being plenary, this Court will review the District Court's denial of Diesen's motion to dismiss to determine whether the court's conclusion is correct. City of Helena v. Danichek (1996), 277 Mont. 461, 463, 922 P.2d 1170, 1172.

¶12.On June 4, 1997, the District Court conducted a hearing, as required by ? 46-3-111, MCA, on Diesen's objection to venue. At the conclusion of the hearing, the court concluded that ? 46-3-114(2), MCA, was applicable and denied Diesen's motion to dismiss as follows:

> I find that based on the evidence presented here today, that it is rational to conclude that the offense charged here is an offense charged to have been committed in a private conveyance. And that it is doubtful in which county the offense occurred, but that it was either Valley County or Garfield County. And that the private conveyance did indeed travel in or through Valley

County. Based upon the rational conclusion and the provision under 46-3-114 (2) then, I find that the State of Montana has established and presented sufficient evidence to show that Valley County is a proper county in which [the charge] can be filed against the defendant.

¶13.The statutory provision at issue provides:

> Except as provided in 46-3-110(2), if an offense is committed in or against a public or private conveyance and it is doubtful in which county the offense occurred, the charge may be filed in any county in or through which the conveyance has traveled.

Section 46-3-114(2), MCA.

¶14.Diesen contends that the District Court must be reversed and the charge against him dismissed because the State, being unable to prove in which county the offense occurred, was unable to prove that venue was proper in Valley County. In so contending, Diesen relies on the following rule: "Although venue is not an element of the crime, it is a jurisdictional fact that must be proven at trial just as any other material element." State v. Johnson (1993), 257 Mont. 157, 161, 848 P.2d 496, 498; accord State v. Thompson, 1999 MT 108, ? 19, 294 Mont. 321, ? 19, 981 P.2d 778, ? 19; State v. Jackson (1979), 180 Mont. 195, 200, 589 P.2d 1009, 1013; State v. Preite (1977), 172 Mont. 318, 323, 564 P.2d 598, 600-01. Thus, in a criminal case, the State must prove beyond a reasonable doubt that venue is proper. See Johnson, 257 Mont. at 161, 848 P.2d at 498.

¶15.Article II, Section 24 of the Montana Constitution provides that a criminal defendant is entitled to a "speedy public trial by an impartial jury of the county or district in which the offense is alleged to have been committed . . . ." Art. II, Sec. 24, Mont. Const. As a general rule, "[i]n all criminal prosecutions, the charge must be filed in the county where the offense was committed . . . ." Section 46-3-110(1), MCA. This rule applies "unless otherwise provided by law." Section 46-3-110(1), MCA.

¶16.The State argues, and we agree, that ? 46-3-114(2), MCA, provides otherwise and, thus, constitutes an exception to the general rule regarding venue. See, e.g., State v. Adams (1980), 190 Mont. 233, 235, 620 P.2d 856, 857 (noting, similarly, that what is now ? 46-3-112, MCA, constitutes a statutory exception to the "general rule" that "venue is proper only in the jurisdiction where the crime occurred"). Venue may still be proper,

pursuant to ? 46-3-114(2), MCA, "if an offense is committed in or against a public or private conveyance and it is doubtful in which county the offense occurred . . . ." Section 46-3-114(2), MCA. Therefore, where such "doubtful" circumstances exist, "the charge may be filed in any county in or through which the conveyance has traveled." Section 46-3-114(2), MCA. In the instant case, there is no dispute that it is doubtful in which county, Valley or Garfield, the boating collision actually occurred.

¶17.Section 46-3-114(2), MCA, has yet to be interpreted by this Court. To give effect to the statute, we must interpret it according to the plain and ordinary meaning of the language used therein. Reams, 284 Mont. at 455, 945 P.2d at 56. It is clear that the statutory phrase "private conveyance" encompasses Diesen's boat. First, the former Montana statute that served as a source for what is now ? 46-3-114(2), MCA, expressly encompassed "a vessel navigating a river, bay, slough, lake, or canal . . . ." See ? 94-5607, RCM (1947); see also Ill. Comp. Stat., ch. 38, ? 1-6(f) (1991) (encompassing "watercraft," this statute was also a source for what is now ? 46-3-114, MCA). Second, as Commission Comments indicate, ? 46-3-114(2), MCA, was drafted with the intent that the term "conveyance" would "cover all modes of transportation," obviating the need to list all types of conveyances expressly and thereby eliminating the "possibility of an omission." See Commission Comments to ? 46-3-114(2), MCA. Lastly, "conveyance" is defined in pertinent part as "[a] means of transport." Black's Law Dictionary 334 (7th ed. 1999). We hold that the District Court correctly concluded that Diesen's offense of boating while under the influence of alcohol, resulting in the collision with Hallock's boat, was "committed in . . . [a] private conveyance." Section 46-3-114(2), MCA.

¶18.Thus, the dispositive question becomes whether Diesen's boat, a private conveyance, traveled "in or through" Valley County. The answer to that question is affirmative. The District Court found that it was "uncontested that the boat operated by [Diesen] did indeed travel in and through Valley County on it's [sic] way to the Fort Peck Marina located in Valley County." However, Diesen argues that "it was the unanimous testimony of all the witnesses that the boat previously operated by the defendant did indeed travel in and through Valley County on its way to the Fort Peck Marina located in Valley County." Diesen suggests that since he did not pilot his boat back to the Fort Peck Marina after the collision, the record does not support a conclusion that he operated his boat in Valley County.

¶19.Diesen does not claim that he was prejudiced in any way by venue in Valley County. Diesen attempts to avoid criminal culpability through a hyper-technical argument. Had the

charge been filed in Garfield County, rather than Valley County, presumably Diesen's claim would be the same. We reject Diesen's argument. The statute, as noted previously, was drafted to cover all means of transportation, including watercraft. Section 46-3-114 (2), MCA, was intended to cover situations where, as here, an offense committed on the waters of this State makes it is doubtful in which county the offense occurred. Thus, the statute provides a limited exception to the general rule of venue, which is applicable here.

¶20. We determine that the State met its burden of proof under the plain language of the statute. In construing a statute, "the office of the judge is simply to ascertain and declare what is in terms or substance contained therein, not to insert what has been omitted or to omit what has been inserted." Section 1-2-101, MCA. The statute, by its clear terms, does not require that a defendant be the operator of the conveyance in order to find that venue is proper. We hold that the State proved beyond a reasonable doubt that Diesen's boat traveled in and through Valley County on its way to the Fort Peck Marina. Therefore, we hold that the District Court correctly denied Diesen's motion to dismiss.

¶21. The District Court is affirmed.

/S/ WILLIAM E. HUNT, SR.

We Concur:

/S/ J. A. TURNAGE

/S/ JAMES C. NELSON

/S/ W. WILLIAM LEAPHART

Justice Terry N. Trieweiler dissenting.

¶22. I dissent from the majority's conclusion that ? 46-3-114(2), MCA, established venue in Valley County regardless of whether the Defendant, Gary Diesen, operated his boat in that county. The majority opinion flies in the face of the constitutional requirement that criminal defendants be tried in the county where their crime is alleged to have been committed and could lead to absurd results. Furthermore, it was not necessary to apply ? 46-3-114, MCA, in the manner that it has been applied in order to prosecute Diesen. It is obvious from the facts that if he operated his boat while intoxicated, he did so

in Garfield County regardless of where his collision with Alvin Hallock occurred.

¶23.Diesen met Hallock at Rock Creek Marina on Fort Peck Lake in Garfield County. They left Rock Creek Marina at about the same time. It was after their departure from the marina that Diesen began operating his boat recklessly and collided with Hallock. If Diesen was intoxicated at the time of the collision he was intoxicated from the time they left Rock Creek Marina until the collision occurred. Most, if not all of that time, he operated his boat in Garfield County.

¶24.It is not clear whether, by the time he collided with Hallock, Diesen had passed from Garfield County into Valley County. What is clear is that following the collision, Diesen was no longer allowed to operate the boat and during that part of the trip which we know occurred in Valley County, Diesen was a mere passenger in his boat and committed no crime. Article II, Section 24 of the Montana Constitution provides that, "[i]n all criminal prosecutions the accused shall have the right to . . . a speedy public trial by an impartial jury of the county or district in which the offense is alleged to have been committed . . . ."

¶25.The manner in which the majority has construed ? 46-3-114(2), MCA, would render this constitutional requirement meaningless by characterizing Diesen's constitutional argument as "hypertechnical." If ? 46-3-114(2) permits the result arrived at by the majority, then it is clearly unconstitutional. However, "where two constructions of a statute are possible, one of which would render the act unconstitutional, and the other sustain its validity, the latter interpretation must be adopted." *City of Philipsburg v. Porter* (1948), 121 Mont. 188, 194, 190 P.2d 676, 679.

¶26.Section 46-3-114(2), MCA, provides as follows:

> Except as provided in 46-3-110(2), if an offense is committed in or against a public or private conveyance and it is doubtful in which county the offense occurred, the charge may be filed in any county in or through which the conveyance has traveled.

¶27.Section 46-3-114(2) can only comply with Article II, Section 24 if limited to provide venue in some county where the conveyance has traveled and where some element of the offense occurred or some act which contributed to the offense occurred. To hold otherwise could lead to absurd results. For example, if the owner of an automobile licensed in Yellowstone County traveled from that location to the Lincoln County-Flathead County

line where she was struck by another motor vehicle operator who was under the influence of alcohol and if it could not be determined whether the collision occurred in Flathead as opposed to Lincoln County, could the offending driver be prosecuted in Yellowstone County simply because the conveyance against which he offended had at some prior point, traveled through Yellowstone County? If not, what is there in the majority's rationale that would preclude such a farfetched and unconstitutional result? I can find nothing.

¶28.In this case, there was evidence that Diesen committed his offense in Garfield County. There was also evidence that Diesen committed his offense in Valley County. It was the responsibility of the District Court to weigh the conflicting evidence and resolve the factual issue which resulted from that evidence. It did not do so. Therefore, I would vacate the judgment of the District Court, remand for resolution of that factual issue and further proceedings in whichever county the District Court found the offense or some element of the offense occurred.

¶29.For these reasons, I dissent from the majority opinion.

/S/ TERRY N. TRIEWEILER