No. 02-024

IN THE SUPREME COURT OF THE STATE OF MONTANA

2003 MT 198

STATE OF MONTANA,

        Plaintiff and Appellant,

   v.

CLINTON RAY ROBISON,

        Defendant and Respondent.

APPEAL FROM:    District Court of the Twentieth Judicial District,
                In and for the County of Lake, Cause No. DC 01-174,
                Honorable C. B. McNeil, Judge Presiding

COUNSEL OF RECORD:

        For Appellant:

                Honorable Mike McGrath, Attorney General; Jennifer Anders,
                Assistant Attorney General, Helena, Montana

                Robert Long, County Attorney, Polson, Montana

        For Respondent:

                Larry J. Nistler, Public Defender, Polson, Montana

Submitted on Briefs:  May 2, 2002

Decided:  August 12, 2003

Filed:

_____
                      Clerk

Justice Jim Rice delivered the Opinion of the Court.

¶1     The State of Montana appeals the order of the Twentieth Judicial District Court, Lake County, dismissing the information filed by the Lake County Attorney.  We affirm.

¶2     The sole issue on appeal is whether the District Court erred when it dismissed the State's information on the grounds that the time delay between the defendant's initial appearance and the filing of the information was unreasonable.

## FACTUAL AND PROCEDURAL BACKGROUND

¶3     On December 1, 2001, Clinton Ray Robison (Robison) was arrested and charged with burglary, a felony, in violation of § 45-6-204, MCA.  Robison appeared before the Justice of the Peace on December 3, 2001.  At this initial appearance, Robison was advised of his rights and bail was set at $10,000.

¶4     Eleven days later, on December 14, 2001, the Lake County Attorney's office, after obtaining leave from the District Court, filed an information charging Robison with burglary under § 45-6-204, MCA.  The District Court continued bail in the amount of $10,000 and scheduled an arraignment for December 19, 2001.  At that time, Robison moved to dismiss the information, arguing that the eleven days which had elapsed between his initial appearance and the filing of the information violated § 46-10-105, MCA.  The District Court granted Robison's motion to dismiss on December 27, 2001.  The State of Montana appeals.

2

**DISCUSSION**

¶5     Did the District Court err when it dismissed the State's information on the ground that the time delay between the defendant's initial appearance and the filing of the information was unreasonable?

¶6     The grant or denial of a motion to dismiss in a criminal case is a question of law which we review de novo. *State v. Diesen*, 2000 MT 1, ¶ 11, 297 Mont. 459, ¶ 11, 992 P.2d 1287, ¶ 11.  However, we have held that a determination of a "reasonable time" pursuant to § 46-10-105, MCA, is within the discretion of the district court. *State v. McElderry* (1997), 284 Mont. 365, 370, 944 P.2d 230, 233.  The standard of review of discretionary trial court rulings in criminal cases is whether the trial court abused its discretion, and the reasonableness of the delay is a discretionary decision which is factually driven. *McElderry*, 284 Mont. at 370, 944 P.2d at 233.

¶7     Section 46-10-105, MCA, provides that in cases triable in the district court, the justice court shall hold a preliminary examination within a reasonable time after the defendant's initial appearance, unless one of the statutory exceptions exist, including, for purposes of this matter, the filing of an information in the district court.  Dismissal of the charges is required if a preliminary examination is not conducted and a "reasonable time" expires prior to the filing of an information in the district court. *McElderry*, 284 Mont. at 368, 944 P.2d at 231.

¶8     Robison's motion to dismiss cited a series of rulings by the District Court "where a delay of more than 10 days resulted in Orders of dismissal with prejudice of the charges." In response, the State did not discuss the circumstances of the case, nor offer reasons for the

3

time taken to file the information, but argued that the "ten (10) day rule for delay under the applicable reasonableness standard would appear arbitrary" and that if Robison could not demonstrate prejudice, his motion should be denied.

¶9    The District Court's order indicated that "this Court advised the Lake County Attorney that any delay in excess of ten days will trigger an inquiry into the reasonableness of the delay, and that the burden of showing reasonableness is upon the State as held by this Court in *McElderry*."  Noting that the State had provided "no factual basis for the Court to determine whether the Information was filed within a reasonable time," the District Court dismissed the information.

¶10    In *McElderry*, this Court clearly held that no definite or "trigger" deadlines are applicable in determining the reasonableness of the time taken to file an information. Explaining our previous discussion of this issue in *State v. Higley* (1980), 190 Mont. 412, 621 P.2d 1043, Justice Trieweiler wrote in *McElderry*:

> Our intent in *Higley* was to demonstrate that even a ten-day delay, as proscribed by the federal statute, may not be unreasonable in Montana.  This is evident in our discussion of *James v. Lawrence* (D.C. Cir. 1949), 176 F.2d 18, a case decided pursuant to the previous federal rule which merely required a hearing in a reasonable time.  There, we noted that eighteen days was not an unreasonable delay.  *See James*, 176 F.2d at 20.  In another example of a standard similar to that used in Montana, we also noted in *Higley* the Alaska case of *Martinez v. State* (Alaska 1967), 423 P.2d 700, 710-11, in which the Alaska Supreme Court concluded that what constitutes a reasonable time must be determined by the facts of the case.  In *Martinez*, a sixteen-day delay was found reasonable.  *See Martinez*, 423 P.2d at 710.  We therefore concluded in *Higley* that "a 10-day delay in determining probable cause was not unreasonable."  *Higley*, 190 Mont at 420, 621 P.2d at 1048.

*McElderry*, 284 Mont. at 370, 944 P.2d at 232-33.

4

¶11 The State correctly argues that the District Court's use of a ten-day deadline which automatically triggers an inquiry and places a burden upon the State to demonstrate reasonableness is not consistent with our holding in *McElderry*. We required no such consideration nor procedure. Indeed, Robison's motion to dismiss was grounded on reasoning which conflicts with *McElderry*: he simply argued that the District Court's standing ten-day rule had been violated, and made little effort to demonstrate that the delay under the circumstances was unreasonable, as was his burden in making the motion, except to note that his client had been incarcerated.

¶12 As we stated in *McElderry*, a reasonableness inquiry must be "determined by the facts of the case." *McElderry*, 284 Mont. at 370, 944 P.2d at 233. A reasonableness inquiry may include consideration of such factors as length of the delay, reasons for the delay, whether the defendant has been incarcerated or prejudiced, whether the defendant has counsel, the seriousness or complexity of the charge, and other relevant matters. Although the State argues that the District Court wrongly interpreted *McElderry* to mean "that prejudice to the defendant is not part of the inquiry," the State is incorrect in this regard. The District Court noted that Robison had been incarcerated during the time in question and found that he had sustained prejudice thereby, a proper consideration when determining reasonableness of the delay.

¶13 On appeal, the State argues that the delay was reasonable under the circumstances, noting that an initial probable cause determination had been made by the Justice Court, that

Robison had been advised of his rights, that an attorney had been appointed, bail set, and that Robison remained incarcerated because he could not make bail, not because the State delayed in filing an information, thus undermining Robison's claim to have been prejudiced.

¶14    However, the reasonableness argument presented by the State on appeal was not presented in District Court. There, the State only offered an assertion that the District Court's ten-day rule was improper. Although that was assertion was correct, the State nonetheless failed to offer any evidence whatsoever from which the District Court could determine that the time taken to file the information was reasonable under the circumstances. In sum, the State simply failed to contest the issue of reasonableness.

¶15    Consequently, while the District Court began its analysis improperly by applying a ten-day rule, we cannot say that it abused its discretion in determining that the time taken to file the information was unreasonable for purposes of § 46-10-105, MCA. The court found that Robison had been arrested on December 1, that he appeared in Justice Court on December 3, that he had been incarcerated since his arrest, and that this thirteen-day period of incarceration was prejudicial to Robison. The State's argument on appeal may well have prevailed in the District Court, but it was not made there. The District Court was left to determine if the delay in filing the information was reasonable without any facts from the State explaining why the delay occurred or was necessary. Therefore, we conclude that the District Court did not abuse its discretion in determining that the delay was not reasonable. "[A] determination of a 'reasonable time' pursuant to § 46-10-105, MCA, is within the discretion of the district court." *McElderry*, 284 Mont. at 370, 944 P.2d at 233.

6

¶16    We  affirm.


                                        /S/ JIM RICE

We concur:

/S/ KARLA M. GRAY
/S/ JIM REGNIER
/S/ PATRICIA COTTER
/S/ JAMES C. NELSON