JUSTICE NELSON
concurs and dissents.
¶32 I concur with the Court’s analysis and it’s holding that the charges against Gatlin must be dismissed. Opinion, ¶ 23. I dissent from the Court’s determination, however, that the charges not be dismissed with prejudice.
¶33 The Court holds in Issue 2 that Gatlin suffered no prejudice as a result of his inadequate initial appearance and the unreasonable delay *170 in filing the Information. Opinion, ¶¶ 27-29. As a result, the Court holds that the Information should be dismissed without prejudice, thus giving the State the opportunity to re-file the charges and to take a second bite of the apple. Opinion, ¶ 31.1 cannot agree.
¶34 In State v. Robison, 2003 MT 198, ¶¶ 4, 16, 317 Mont. 19, 75 P.3d 301, we affirmed the district court’s dismissal of the charges because there was an 11-day[1] delay between the initial appearance and the filing of the Information. We held that Robison’s 11-day delay was prejudicial. Robison, ¶ 15. Here, the delay between the initial appearance in Butte-Silver Bow County and the filing of the information in Missoula County was 163 days, during which time Gatlin was incarcerated. Yet, without a District Court record, we conclude sua sponte that Gatlin suffered no prejudice.
¶35 We explained in Robison that prejudice was built into the reasonableness determination. We stated that a major consideration in determining prejudice was the length of delay, along with the reasons for the delay, whether the defendant had been incarcerated, whether the defendant had counsel, and whether the charges were serious or complex. Robison, ¶ 12.
¶36 Robison was charged with felony burglary. The Information was not filed until 11 days after his initial appearance, during which time Robison was incarcerated in jail. Without more, the District Court dismissed the Information. Robison, ¶ 4. We observed that the State did not discuss the circumstances of the case or offer reasons for the delay in filing the Information, but rather, argued that the “ten day” rule was arbitrary. Robison, ¶ 8. We agreed that the burden of showing a reasonable reason for the delay was on the State. Robison, ¶ 9 (citing State v. McElderry, 284 Mont. 365, 944 P.2d 230 (1997)). Based on the State’s failure to provide a reasonable reason for the 11-day delay, the trial court dismissed the Information, and we affirmed. Robison, ¶¶ 9, 16. Moreover, and unlike the case at bar, Robison had received a proper initial appearance, he had been advised of his rights, counsel had been appointed, and bail had been set-albeit he remained incarcerated because he could not make bail. Robison, ¶ 13.
¶37 Here, Gatlin was charged with robbery, Opinion ¶ 7; he received an indisputably inadequate initial appearance and was not properly *171 advised of his rights, Opinion, ¶ 23; bail was set, Opinion ¶ 7; he had no counsel for a week, Opinion ¶ 9; and he then remained incarcerated in Butte-Silver Bow County until he was taken to Missoula County, Opinion ¶ 10. The record shows that the State did not get around to filing the Information on the robbery charges until 163 days after the initial appearance.
¶38 In the case sub judice, the District Court could not have determined that the 163-day delay was reasonable or unreasonable, because the judge did not use the Butte-Silver Bow initial appearance as the operative initial appearance. Rather, the court-at the urging of the prosecutor-erroneously used a second initial appearance, once Gatlin had been transported to Missoula, as the operative initial appearance. As a result, the trial court concluded that only 13 days elapsed between that initial appearance and the filing of the Information. Importantly, and unlike Robison, the District Court here considered none of the factors discussed in ¶ 35 above, and it made no determination that the actual 163-day delay was or was not reasonable, or that, as a result of that delay, Gatlin was or was not prejudiced. Indeed, the record reflects that the trial judge determined that the delay in this case-which he determined was 13 days-was not “a legitimate concern” and a “non-issue.”
¶39 Because the District Court erred in determining the date of the initial appearance, there is, consequently, absolutely nothing in the record here that demonstrates that the court exercised its discretion to determine that the delay between the initial appearance and the filing of the Information was reasonable or unreasonable or that this delay prejudiced or did not prejudice Gatlin. The District Court made none of the inquiries or decisions that we reviewed in Robison.
¶40 Indeed, the real reason for the delay between the initial appearance and the filing of the Information in this case was that Gatlin simply fell through the cracks through prosecutorial neglect after he was arrested. The charges were not any more complex here than in Robison. Moreover, unlike Robison, Gatlin was given an indisputably inadequate initial appearance; he was not appointed counsel with respect to the Missoula County charges (albeit his public defender on the Butte-Silver Bow County charges volunteered to help him a week or so after Gatlin’s initial appearance[2]). Gatlin remained incarcerated until he was transferred to Missoula, and the Information *172 was filed 163 days after his initial appearance. The State offered absolutely no justification for this delay in the District Court. Rather it continued to mislead the District Court as to which initial appearance was the operative one.
¶41 The delay that Gatlin suffered was nearly 15 times longer than that in Robison. This case is on all fours with Robison, yet the majority charges ahead, in the absence of a supporting District Court record, and concludes that Gatlin suffered no prejudice because of the 163-day delay. Here, it is undisputed that the delay was unreasonable. Opinion, ¶ 23. There has been no showing that the State has met its burden to put forth a rational reason for the 163-day delay. Robison, ¶¶ 8-9. The State did not and has not met its burden to show that a delay of 163 days did not prejudice Gatlin. Indeed, the State, on appeal, perpetuates the error that the second initial appearance in Missoula County was the operative one.
¶42 On the inadequate record here, it is wholly improper that this Court-acting as the fact-finder, usurping the job of the District Court, and making the State’s case for it-determined that the 163-day delay in this case did not prejudice Gatlin.
¶43 My concept of ‘fundamental fairness and due process,” Opinion, ¶ 22, is decidedly more easily offended than is the majority’s here. I would not make the reasonableness and prejudice determinations that should have been made, in the first instance, by the District Court taking into consideration the factors we discussed in Robison. Furthermore, if this Court is intent on doing the District Court’s job for it, I would not reward the State for its incompetent prosecution of Gatlin’s case. I would not give it a second bite of the apple. At the very least, this case should be remanded to the District Court for a reasonableness and prejudice hearing and for entry of findings of fact and conclusions of law, taking into consideration our caselaw.
¶44 While I agree that the charges against Gatlin should be dismissed, I would order that they be dismissed with prejudice to the merits.
¶45 I concur and dissent.
JUSTICE COTTER joins in the Concurrence and Dissent of JUSTICE NELSON.

 In Robison, ¶ 4, we refer to the delay as 11 days; inRobison, ¶ 15, we refer to the delay as 13 days. Robison’s initial appearance was on December 3, 2001, and the Information was filed on December 14,2001. Accordingly, the Information was filed on the eleventh day after the initial appearance. For our purposes here, the difference between an 11-day delay and a 13-day delay is a distinction without a difference.

 There was an argument in the District Court over whether that was even proper.