DA 12-0472

IN THE SUPREME COURT OF THE STATE OF MONTANA

2013 MT 199

STATE OF MONTANA,

        Plaintiff and Appellee,

v.

DWAYNE BRUCE HALLER,

        Defendant and Appellant.

APPEAL FROM:    District Court of the Fourth Judicial District,
In and For the County of Missoula, Cause No. DC-32-2011-0000367-IN
Honorable Robert L. Deschamps, III, Presiding Judge

COUNSEL OF RECORD:

        For Appellant:

            Clinton H. Kammerer, Kammerer Law Offices, Missoula, Montana

        For Appellee:

            Timothy C. Fox, Montana Attorney General; C. Mark Fowler, Assistant
Attorney General, Helena, Montana

            Fred Van Valkenburg, Missoula County Attorney; Susan E. Boylan, Deputy
County Attorney, Missoula, Montana

Submitted on Briefs:   April 17, 2013
Decided:   July 23, 2013

Filed:

_____
Clerk

Chief Justice Mike McGrath delivered the Opinion of the Court.

¶1    Dwayne Bruce Haller (Haller) appeals from his convictions in the Fourth Judicial District Court, Missoula County, of Driving Under the Influence of Alcohol – fourth offense, a felony, and Driving Without a Valid Driver's License.  We affirm.

¶2    The issue on appeal is whether the District Court properly denied Haller's motion to vacate his convictions.

## PROCEDURAL AND FACTUAL BACKGROUND

¶3    Haller was arrested on August 3, 2011, on suspicion of driving under the influence of alcohol.  The next day, the State submitted a complaint and an affidavit of probable cause to the Missoula County Justice Court.  Based on the affidavit, the Justice of the Peace found that there was probable cause and allowed the complaint to be filed.  That same day, August 4, 2011, Haller made his initial appearance.  At the initial appearance, as required by § 46-7-102, MCA, the Justice Court informed Haller of the charges against him as well as his various rights, including the right to counsel and the right to bail.  The Justice Court also scheduled a preliminary examination for August 18, 2011, during the initial appearance.  For reasons that are not clear from the record, that preliminary examination was not held.  On August 23, 2011, 19 days after Haller's initial appearance, the State filed a motion, supported by an affidavit of probable cause, that sought leave from the District Court to file an information.  The court granted the State's motion, and the State filed its information charging Haller with felony DUI and driving without a valid driver's license the same day.  A jury found Haller guilty of both charges on February 29, 2012.

¶4     On April 16, 2012, Haller filed a motion to vacate his convictions. Haller argued primarily that his convictions should be vacated because he had not received an adversarial probable cause hearing within 48 hours of his arrest. Alternatively, Haller argued that his convictions should be vacated because the State failed to present any evidence at the scheduled preliminary examination on August 18, 2011. The District Court denied Haller's motion on May 4, 2012. The court held a sentencing hearing on May 8, 2012, and issued its written judgment on May 29, 2012.

## STANDARD OF REVIEW

¶5     The grant or denial of a motion to dismiss in a criminal case is a question of law that we review for correctness. *State v. Robison*, 2003 MT 198, ¶ 6, 317 Mont. 19, 75 P.3d 301. We review a district court's determination of what constitutes a reasonable time under § 46-10-105, MCA, for an abuse of discretion. *State v. Gatlin*, 2009 MT 348, ¶ 15, 353 Mont. 163, 219 P.3d 874.

## DISCUSSION

¶6     Section 46-6-311(1), MCA, provides that "[a] peace officer may arrest a person when a warrant has not been issued if the officer has probable cause to believe that the person is committing an offense or that the person has committed an offense and existing circumstances require immediate arrest." To ensure that the officer correctly determined that there was probable cause to make the arrest, the Fourth Amendment gives a criminal defendant who has been arrested without a warrant the right to a prompt probable cause determination by a neutral and detached magistrate. *Gerstein v. Pugh*, 420 U.S. 103, 124-25, 95 S. Ct. 854, 868-69 (1975). Section 46-11-110, MCA, also gives a defendant a right to a

judicial determination of probable cause before the prosecution can be commenced in justice court. A sworn affidavit submitted with a complaint is a proper basis for the probable cause determination required by the Fourth Amendment. *State v. Brown*, 1999 MT 339, ¶ 15, 297 Mont. 427, 993 P.2d 672.

¶7 Following all arrests, an initial appearance must be conducted before the nearest and most accessible judge *without unnecessary delay*. Section 46-7-101, MCA (emphasis added). We have noted that this statute, together with the requirement to inform defendants of their rights set out in § 46-7-102, MCA, is designed to "ensure that a criminal prosecution begins promptly and with a recognition of the defendant's essential rights." *State v. Strong*, 2010 MT 163, ¶ 11, 357 Mont. 114, 236 P.3d 580. In addition, before leave to file an information in district court can be granted, a separate determination of probable cause must be made.

¶8 There are three different procedures by which the State can obtain the requisite probable cause determination before filing charges in district court: 1) a preliminary examination; 2) direct application to the district court for leave to file an information; or 3) indictment by a grand jury.[1] Section 46-10-105, MCA. The State may utilize whatever process it wishes; a defendant is not entitled to any specific procedure. *State v. Farnsworth*, 240 Mont. 328, 332, 783 P.2d 1365, 1368 (1989). Montana has adopted a flexible standard that requires the district court determination to be made within "a reasonable time" after the defendant's initial appearance. *State v. Higley*, 190 Mont. 412, 419, 621 P.2d 1043, 1048 (1980); *see also* § 46-10-105, MCA.

¶9     Citing *County of Riverside v. McLaughlin*, 500 U.S. 44, 53, 111 S. Ct. 1661, 1668 (1991), Haller argues that he was entitled to a preliminary examination within 48 hours of his arrest. Because a preliminary examination was not held within 48 hours of his arrest, Haller argues the State had to prove that the time that it took for him to receive a probable cause determination was reasonable. Haller's argument conflates the two procedures that require a finding of probable cause and is clearly contrary to Montana's established criminal procedure framework. Although both procedures require a judicial determination of probable cause, they are distinct procedures and serve different purposes.

¶10    Haller received a prompt judicial determination of probable cause as required by the Fourth Amendment the day after he was arrested. On August 4, 2011, based on the State's affidavit of probable cause, the Justice Court issued an order that found that there was probable cause and allowed the State to file a complaint. That probable cause determination was sufficiently prompt and fulfilled the Fourth Amendment's requirement.

¶11    Whether the time between Haller's initial appearance in Justice Court and when the District Court granted the State leave to file an information was reasonable is a separate matter and depends upon the specific facts and circumstances of the case. *See Gatlin*, ¶ 15; *Robison*, ¶ 12; *State v. McElderry*, 284 Mont. 365, 370, 944 P.2d 230, 232-33 (1997). The State argues that under § 46-11-203, MCA, the time between the initial appearance and the probable cause determination is reasonable if it files an information within 30 days.

¶12    Section 46-11-203(1), MCA, provides that:

*After a finding of probable cause* following a preliminary examination or

---

[1] The defendant may also waive his right to a determination of probable cause. *See* § 46-10-105(1), MCA.

waiver of a preliminary examination or after leave of court has been granted, the prosecutor shall file within 30 days in the proper district court an information charging the defendant with the offense or any other offense supported by probable cause.

(Emphasis added). However, that statute establishes the time limit for filing an information *after* a judicial determination of probable cause has been made before charges can be initiated in the district court. It does not establish 30 days as a presumptively reasonable time for obtaining a probable cause determination after the initial appearance in justice court.

¶13 We ultimately do not reach the question of whether the 19-day delay between Haller's initial appearance and when the District Court granted the State leave to file an information was reasonable. The issue before us on appeal is whether the District Court erred by denying Haller's motion to vacate his convictions. Significantly, Haller did not object to the 19-day delay until after his trial. In essence, Haller's motion was a motion to dismiss that he filed after he was tried and convicted by a jury. A party must raise any defense, objection, or request that is capable of determination without trial of the general issue at or before the pre-trial omnibus hearing. Section 46-13-101(1), MCA. A defendant who does not timely raise an objection that can be determined before trial waives that objection. *State v. Cotterell*, 2008 MT 409, ¶ 80, 347 Mont. 231, 198 P.3d 254; § 46-13-101(2), MCA. Haller thus waived his right to complain that 19 days was an unreasonable time for the State to initiate filing charges in the District Court by failing to object or file a motion to dismiss before his trial.

¶14 Lastly, Haller argues that his convictions should have been vacated because the State did not present any evidence to establish probable cause at the preliminary examination

6

scheduled for August 18, 2011. It does not appear from the record, however, that a preliminary examination was held on August 18. Haller contends that the hearing was cancelled because the State failed to appear. As noted above, the State may initiate a prosecution in district court without a preliminary examination. *State v. Strobel*, 268 Mont. 129, 133, 885 P.2d 503, 505 (1994). Here, the State supported its motion seeking leave to file the information with an affidavit of probable cause. The District Court found that sufficient probable cause existed and allowed the State to file the information. As such, Haller's allegation is unsubstantiated, has no support in the record, and is not well taken.

¶15 For the reasons stated above, the motion to vacate Haller's convictions was properly denied. The District Court did not abuse its discretion. The final judgment is affirmed.

/S/ MIKE McGRATH

We concur:

/S/ PATRICIA COTTER
/S/ MICHAEL E WHEAT
/S/ BETH BAKER
/S/ BRIAN MORRIS