FILED

June 2 2015

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 14-0767

DA 14-0767

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## 2015 MT 151

STATE OF MONTANA,

      Plaintiff and Appellee,

   v.

MATTHEW MONTGOMERY,

      Defendant and Appellant.

APPEAL FROM:    District Court of the Twenty-First Judicial District,
In and For the County of Ravalli, Cause No. DC-06-83
Honorable James A. Haynes, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

      Matthew Montgomery, self-represented, Glendive, Montana

      For Appellee:

      Timothy C. Fox, Montana Attorney General, Katie F. Schulz, Assistant
Attorney General, Helena, Montana

      William E. Fulbright, Ravalli County Attorney, Hamilton, Montana

Submitted on Briefs:  April 29, 2015
Decided:  June 2, 2015

Filed:

_____
Clerk

Justice Beth Baker delivered the Opinion of the Court.

¶1     Matthew Montgomery appeals an order of the District Court for the Twenty-First Judicial District, Ravalli County, denying his motion to vacate his conviction and dismiss the charges against him. The issue on appeal is whether the District Court erred in concluding that it had subject matter jurisdiction over the State's case against Montgomery.

¶2     We affirm.

## PROCEDURAL AND FACTUAL BACKGROUND

¶3     In May 2006, Montgomery was charged with felony counts of sexual assault and sexual abuse concerning four alleged child victims. Following amendment of the information to add new charges regarding the same victims, Montgomery and the State eventually reached a plea agreement. Montgomery pleaded guilty to two counts of felony sexual assault in exchange for the dismissal of the remaining counts and the State's withdrawal of the persistent felony offender notification. The District Court sentenced Montgomery in January 2007 to twenty years in prison with ten years suspended for each felony, to run consecutively. In addition, Montgomery's probation in a 2003 case was revoked, and he received an additional consecutive twenty-year prison sentence.

¶4     In October 2008, Montgomery, representing himself, filed a motion to withdraw his guilty plea. The District Court denied the motion and we affirmed. *State v. Montgomery*, 2010 MT 193, 357 Mont. 348, 239 P.3d 929. Montgomery then filed with the District Court a motion for summary judgment, in which he attempted to challenge

2

his plea and resurrect his earlier ineffective assistance of counsel claims. The court denied his motion. Montgomery did not appeal.

¶5 On October 8, 2014, Montgomery filed a motion to vacate his conviction and dismiss the charges. Montgomery claimed that the District Court lacked subject matter jurisdiction because the charges were not brought by a grand jury process, and that Montana law does not allow a court to obtain jurisdiction over a felony without this process. The District Court denied the motion. Montgomery appeals.

## STANDARD OF REVIEW

¶6 The grant or denial of a motion to dismiss in a criminal case presents a question of law that we review for correctness. *State v. Haller*, 2013 MT 199, ¶ 5, 371 Mont. 86, 306 P.3d 338, citing *State v. Robison*, 2003 MT 198, ¶ 6, 317 Mont. 19, 75 P.3d 301.

## DISCUSSION

¶7 Arguing that he has a right under the United States Constitution's Fifth Amendment to a grand jury determination of probable cause, Montgomery asserts that the District Court did not have subject matter jurisdiction over his felonies. He claims that the District Court abused its discretion in its order because the court did not address this issue of federal constitutional law. He further asserts that since the Legislature did not codify any rule regarding indictments by grand jury, then a court must invoke common law or the Fifth Amendment.

¶8 The State counters that the District Court has subject matter jurisdiction under Montana's Constitution and state law. Mont. Const. art. VII, § 4; § 3-5-302(1)(a), MCA.

3

The State points out that Article VII, Section 4 of the state constitution vests sentencing courts with original jurisdiction in felony cases. *Pena v. State*, 2004 MT 293, ¶ 23, 323 Mont. 347, 100 P.3d 154, *overruled in part on other grounds by Davis v. State*, 2008 MT 226, ¶ 23, 344 Mont. 300, 187 P.3d 654. The State argues that the determination of probable cause is not a jurisdictional issue and that the District Court properly exercised its subject matter jurisdiction over Montgomery's felonies.

¶9 "[T]he Fifth Amendment's grand jury requirement has not been construed to apply to the states." *U.S. v. Allen*, 406 F.3d 940, 942 (8th Cir. 2005). *See Apprendi v. New Jersey*, 530 U.S. 466, 477 n.3, 120 S. Ct. 2348, 2355 n.3 (2000) (noting that the Fourteenth Amendment "has not . . . been construed to include the Fifth Amendment right to 'presentment or indictment of a Grand Jury. . . .'"). As the State correctly explains, Montana's specific constitutional and statutory provisions define a district court's jurisdiction and provide for commencing a state prosecution. Mont. Const. art. II, § 20(1) and art. VII, § 4(1); §§ 3-5-301(1), -302(1)(a), and 46-11-101, MCA. "The district court has original jurisdiction in all criminal cases amounting to felony . . . ." Mont. Const. art. VII, § 4(1).

¶10 Montgomery incorrectly asserts that the Legislature failed to codify the process for indictment by grand jury. Montana statutes allow for grand juries. Sections 46-11-301 through -332, MCA. This is not, however, the primary method used to commence a prosecution. *State ex rel. Woodahl v. District Court*, 166 Mont. 31, 36, 530 P.2d 780, 783 (1975); § 46-11-101, MCA. Montgomery references late 19th century Montana case

law when grand jury indictments primarily were used, but Montana courts long ago moved away from that process. *See State v. Vinn*, 50 Mont. 27, 34, 144 P. 773, 775-76 (1914) ("One of the purposes . . . was to dispense with the slow, expensive, and therefore unsatisfactory procedure by indictment, and to substitute a procedure expeditious and inexpensive, to be availed by the prosecuting officers at their discretion, subject to control by the court[.]"). *See Woodahl*, 166 Mont. at 44, 530 P.2d at 788.

¶11 Montgomery was prosecuted under § 46-11-101(3), MCA. Montana statutes offer four methods to commence a prosecution in this state, one of which is indictment by a grand jury. Section 46-11-101(1)-(4), MCA. A Montana statute also provides "three different procedures by which the State can obtain the requisite probable cause determination before filing charges in district court[.]" *Haller*, ¶ 8; § 46-10-105, MCA. "[A] defendant is not entitled to any specific procedure." *Haller*, ¶ 8, citing *State v. Farnsworth*, 240 Mont. 328, 332, 783 P.2d 1365, 1368 (1989). The State commenced Montgomery's felony prosecution under Montana's statutory scheme by filing an application and an affidavit that identifies supporting evidence demonstrating probable cause. Sections 46-11-101(3); 46-11-201, and 46-10-105(2), MCA. The District Court had subject matter jurisdiction over the felonies as stated in Mont. Const. art. VII, § 4(1) and § 3-5-302(1)(a), MCA, and the court granted leave for the prosecution to commence. Section 46-11-101(3), MCA. Montgomery was not entitled to an indictment by a grand jury.

## CONCLUSION

¶12    The District Court's order is affirmed.


                                    /S/ BETH BAKER


We concur:

/S/ MIKE McGRATH
/S/ JAMES JEREMIAH SHEA
/S/ MICHAEL E WHEAT
/S/ PATRICIA COTTER