FILED

05/09/2023

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: OP 23-0240

IN THE SUPREME COURT OF THE STATE OF MONTANA

OP 23-0240

FILED

MAY 0 9 2023

Bowen Greenwood
Clerk of Supreme Court
State of Montana

DALE E. ULRICH,

Petitioner,

v.

PETER BLUDWORTH, Warden,
Crossroads Correctional Center,

Respondent.

ORDER

Self-represented Dale Ulrich has filed a Petition for Writ of Habeas Corpus, challenging the commencement of prosecution. Ulrich argues that his constitutional rights have been violated. Ulrich states that "[u]nder the grand jury clause of the fifth amendment, a defendant has a right to be tried only on the grand jury's indictment." *U.S. v. Olson*, 925 F.2d 1170, 1175 (9th Cir. 1991) (citation omitted). Ulrich explains that he was entitled to be prosecuted by a grand jury indictment and that "the use of Information is restricted to misdemeanors." He further states: "the Legislature of the State of Montana has failed to specifically provide by statute, that information could be used to prosecute a felony[.]" He contends that he is unlawfully incarcerated and has an unlawful conviction. He states that the charges against him are void and must be dismissed.

Ulrich refers to two criminal cases; however, only one case could be located. According to available electronic records, on December 14, 2011, the Dawson County District Court committed Ulrich to the Montana State Prison upon his guilty pleas to twelve felony counts of incest. The District Court dismissed the remaining fourteen counts. The commission of the offenses occurred in 2006 and until July 2010. The court imposed concurrent terms of sixty years with twenty years suspended and a parole ineligibility restriction of fifteen years. Ulrich did not appeal.

Ulrich's claims have no merit. His references to federal law concerning grand juries do not apply to states. "'[T]he Fifth Amendment's grand jury requirement has not been construed to apply to the states.'" *State v. Montgomery*, 2015 MT 151, ¶ 9, 379 Mont. 353, 350 P.3d 77 (quoting *U.S. v. Allen*, 406 F.3d 940, 942 (8th Cir. 2005)). In *Montgomery*, this Court held that "Montana statutes offer four methods to commence a prosecution in this state, one of which is indictment by a grand jury. Sections 46-11-101(1)-(4), MCA." *Montgomery*, ¶ 11. "'[A] defendant is not entitled to any specific procedure.'" *Montgomery*, ¶ 11 (citing *State v. Haller*, 2013 MT 199, ¶ 8, 371 Mont. 86, 306 P.3d 338) (internal citation omitted). If the State commences prosecution by filing an application and an affidavit that identifies supporting evidence demonstrating probable cause, the district court has subject matter jurisdiction to proceed "as stated in Mont. Const. art. VII, § 4(1) and § 3-5-302(1)(a), MCA[.]" *Montgomery*, ¶ 11. The Montana Legislature has provided a statutory scheme for prosecution.

Ulrich is not entitled to his release or dismissal of the charges. He brings these challenges too late. He could have raised these issues in an appeal, yet he did not appeal his conviction and sentence.[1] "The writ of habeas corpus is not available to attack the validity of the conviction or sentence of a person who has been adjudged guilty of an offense in a court of record and has exhausted the remedy of appeal." Section 46-22-101(2), MCA. By not appealing, he has exhausted his appeal rights. *Lott v. State*, 2006 MT 279, ¶¶ 4, 19, 334 Mont. 270, 150 P.3d 337.

Ulrich cannot demonstrate a facially invalid sentence. *Lott*, ¶ 22. The State of Montana commenced Ulrich's felony prosecution according to Montana's Constitution and under its applicable statutory scheme by filing an application which includes an information for leave of court and an affidavit supported by evidence. Section 46-11-201(2), MCA (2005), (2007), and (2009). *See also Montgomery*, ¶¶ 9-11; Mont.

---

[1] Through counsel, Ulrich appealed the denial of his petition for postconviction relief in this Court; however, this Court ultimately dismissed his appeal, pursuant to *Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396 (1967), and § 46-8-103(2), MCA. *Ulrich v. State*, No. DA 12-0684, Order (Mont. Aug. 28, 2013).

Const. art. II, § 20(1); §§ 46-11-101(3), and 46-11-102(1), MCA. The District Court had subject matter jurisdiction, and Ulrich's Judgment is not void. He has a lawful sentence, and he is not illegally incarcerated. Therefore,

IT IS ORDERED that Ulrich's Petition for Writ of Habeas Corpus is DENIED and DISMISSED.

The Clerk is directed to provide a copy of this Order to counsel of record and to Dale Ulrich personally.

DATED this 9th day of May, 2023.

_____

_____

_____

_____

_____
                                                Justices