ORIGINAL

**FILED**

05/23/2023

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: OP 23-0260

IN THE SUPREME COURT OF THE STATE OF MONTANA

OP 23-0260

**FILED**

MAY 2 3 2023

Bowen Greenwood
Clerk of Supreme Court
State of Montana

MATTHEW THIBERT,

Petitioner,

v.

PETER BLUDWORTH, Warden,
Crossroads Correctional Center,

Respondent.

O R D E R

Self-represented Petitioner Matthew Thibert "bring[s] forth this writ of Habeas Corpus for violation of rights guaranteed to all U.S. Citizens by the U.S. Constitution." Thibert includes copies of motions filed in the Cascade County District Court and states that "all of the submitted motions must be granted."

In his Petition for Writ of Habeas Corpus, Thibert challenges the commencement of prosecution, stating that that he was entitled to be prosecuted by a grand jury indictment and that "the use of Information is restricted to misdemeanors." He argues that his constitutional rights have been violated, because "[u]nder the grand jury clause of the fifth amendment, a defendant has a right to be tried only on the grand jury's indictment." *U.S. v. Olson*, 925 F.2d 1170, 1175 (9th Cir. 1991) (citation omitted). Thibert further states: "the Legislature of the State of Montana has failed to specifically provide by statute, that any information could be used to prosecute a felony[.]" He contends that the charges against him are void and must be dismissed. Thibert concludes that he has an unlawful and "unconstitutional" conviction, and is unlawfully incarcerated under the resultant sentence.

In its April 2017 Amended Information, the State of Montana charged Thibert with felony sexual assault, pursuant to § 45-5-502(3) MCA (2013), where the victim was less than sixteen years old. On November 17, 2017, the Cascade County District Court sentenced Thibert to the Montana State Prison for a sixty-year term and awarded credit for

451 days of time served. In December 2018, Thibert petitioned this Court for an out-of-time appeal. This Court granted his petition as well as his motion for appointment of counsel. *State v. Thibert*, No. DA 18-0682, Order (Mont. Dec. 11, 2018). On January 31, 2020, this Court granted Thibert's motion to voluntarily dismiss the appeal. *State v. Thibert*, No. DA 18-0682, Order (Mont. Jan. 31, 2020).

Thibert's claims have no merit. His references to federal law concerning grand juries do not apply to states. "'[T]he Fifth Amendment's grand jury requirement has not been construed to apply to the states.'" *State v. Montgomery*, 2015 MT 151, ¶ 9, 379 Mont. 353, 350 P.3d 77 (quoting *U.S. v. Allen*, 406 F.3d 940, 942 (8th Cir. 2005)). In *Montgomery*, this Court held that "Montana statutes offer four methods to commence a prosecution in this state, one of which is indictment by a grand jury. Sections 46-11-101(1)-(4), MCA." *Montgomery*, ¶ 11. "'[A] defendant is not entitled to any specific procedure.'" *Montgomery*, ¶ 11 (citing *State v. Haller*, 2013 MT 199, ¶ 8, 371 Mont. 86, 306 P.3d 338) (internal citation omitted). If the State commences prosecution by filing an application and an affidavit that identifies supporting evidence demonstrating probable cause, the district court has subject matter jurisdiction to proceed "as stated in Mont. Const. art. VII, § 4(1) and § 3-5-302(1)(a), MCA[.]" *Montgomery*, ¶ 11. The Montana Legislature has provided a statutory scheme for felony prosecution.

Thibert is not entitled to dismissal of the charged offense. He is precluded from challenging the conviction here. Section 46-22-101(2), MCA. The State of Montana commenced Thibert's felony prosecution according to Montana's Constitution and under its applicable statutory scheme by filing an application which includes an information for leave of court and an affidavit supported by evidence. Section 46-11-201(2), MCA (2013). *See also Montgomery*, ¶¶ 9-11; Mont. Const. art. II, § 20(1); §§ 46-11-101(3), and 46-11-102(1), MCA. Thibert cannot demonstrate a facially invalid sentence. Section 46-22-101(1), MCA. The District Court had subject matter jurisdiction, and the Judgment is not void. He has a lawful sentence.

Turning to his motions, this Court has dealt with his motions and the court's order previously. *See Thibert v. State*, No. DA 21-0440, Order (Mont. Oct. 26, 2021) (Order

2

dismissing his appeal *sua sponte* and without prejudice because his petition for postconviction relief was pending in District Court). Thibert includes a copy of the August 16, 2021 Order Re: Petitioner's Motions, where the District Court denied his nine pending motions. We explained in 2022, that "[t]he District Court denied all of Thibert's motions and pointed out that default is improper under Rule 55. The Montana Rules of Civil Procedure do not apply in criminal cases." *Thibert v. Eighth Judicial Dist. Ct.*, No. OP 22-0652, Order denying writ of supervisory control (Mont. Dec. 6, 2022). Thibert is not entitled to further relief.

Thibert is not illegally incarcerated or unconstitutionally restrained. Therefore,

IT IS ORDERED that Thibert's Petition for Writ of Habeas Corpus is DENIED and DISMISSED.

IT IS FURTHER ORDERED that Thibert's requested relief regarding his motions is DISMISSED, as moot.

The Clerk is directed to provide a copy of this Order to counsel of record and to Matthew Thibert personally.

DATED this 23rd day of May, 2023.

_____

_____

_____

_____

_____
Justices