

FILED

11/14/2023

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: OP 23-0627

IN THE SUPREME COURT OF THE STATE OF MONTANA

OP 23-0627

JERRY HENDERSON,

Petitioner,

v.

JIM SALMONSEN, WARDEN,
Montana State Prison,

Respondent.

FILED

NOV 1 4 2023

Bowen Greenwood
Clerk of Supreme Court
State of Montana

ORDER

By way of habeas corpus, Jerry Henderson challenges his conviction and sentence, alleging that the charging documents to commence his prosecution or "these informations, of every kind, are confined by the Constitutional law to mere misdemeanors only[.]" Citing to Blackstone's Commentaries and 19th century case law, Henderson claims that his conviction is void and that "the 'King's Bench' [now] is codified Constitutional law out of the United States Supreme Court, and in use in the Colony(s) which [later] became the United States of America." He requests his immediate release from prison because his incarceration is illegal on the basis that the State commenced his criminal prosecution via an Information in the Eighteenth Judicial District Court, Gallatin County.

On January 22, 2019, we issued an Order vacating Henderson's February 24, 2016 Sentencing Order and remanding the criminal matter to the District Court either to enter a new plea agreement or to proceed to trial. The State had filed a Notice of Concession to Henderson's argument that "the District Court violated § 46-12-204(4), MCA, when it accepted his no contest plea to sexual assault [] and imposed a sentence based on that plea." *State v. Henderson*, No. DA 17-0593, Order remanding matter (Mont. Jan. 22, 2019). Henderson is serving a thirty-year prison sentence with fifteen years suspended after

entering a guilty plea via *Alford* to felony sexual assault in July 2019.[1] *See North Carolina v. Alford*, 400 U.S. 25, 91 S. Ct. 160 (1970). The court awarded 2,291 days of credit for time served previously.

Henderson cites § 1-1-105, MCA, as a basis for his arguments. That section reads: "The organic law is the constitution of government and is altogether written. Other written laws are denominated statutes. The written law of this state is therefore contained in its constitution and statutes and in the constitution and statutes of the United States." Within that same title and chapter, a statute provides that Montana law should take precedence. "In this state there is no common law in any case where the law is declared by statute." Section 1-1-108, MCA. Under § 1-1-109, MCA, "[t]he common law of England . . . is the rule of decision in all the courts of this state[,]" as long as it is not "inconsistent with" the laws of constitution of this State.

Montana's Legislature has declared by statute that an information is one method to charge an offender with a felony criminal offense. Section 46-11-101(3), MCA. This Court has held that Montana statutes offer four methods to commence a prosecution in this state, one of which is "an information after leave of court has been granted[.]" *State v. Montgomery*, 2015 MT 151, ¶ 11, 379 Mont. 353, 350 P.3d 77; § 46-11-101(3), MCA. "'[A] defendant is not entitled to any specific procedure.'" *Montgomery*, ¶ 11 (citing *State v. Haller*, 2013 MT 199, ¶ 8, 371 Mont. 86, 306 P.3d 338) (internal citation omitted). If the State commences prosecution by filing an application and an affidavit that identifies supporting evidence demonstrating probable cause, the district court has subject matter jurisdiction to proceed "over the felonies as stated in Mont. Const. art. VII, § 4(1) and § 3-5-302(1)(a), MCA[.]" *Montgomery*, ¶ 11.

We conclude that Henderson is not entitled to a writ of habeas corpus. The State of Montana commenced his felony prosecution according to Montana's Constitution and

---

[1] This Court denied Henderson's Petition for Out-of-Time Appeal in January 2022 because he did not demonstrate extraordinary circumstances. We explained Henderson's history in more detail in that Order. *State v. Henderson*, No. DA 22-0010, Order denying Petition (Mont. Jan. 18, 2022).

2

statutes by filing an application and supporting affidavit for leave of court to charge Henderson by information. Section 46-11-201(2), MCA (2011). *See Montgomery*, ¶¶ 9-11; Mont. Const. art. II, § 20(1); §§ 46-11-101(3), and 46-11-102(1), MCA. The District Court had subject matter jurisdiction, and the Judgment is not void. Henderson has not demonstrated illegal incarceration. Section 46-22-101(1), MCA. Accordingly,

IT IS ORDERED that Henderson's Petition for Writ of Habeas Corpus is DENIED and DISMISSED.

IT IS FURTHER ORDERED that this case is CLOSED as of this Order's date.

The Clerk is directed to provide a copy of this Order to counsel of record and to Jerry Henderson personally.

DATED this 14th day of November, 2023.

_____
Chief Justice

_____

_____

_____

_____
Justices

3