ORIGINAL

**FILED**

11/14/2023

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: OP 23-0626

# IN THE SUPREME COURT OF THE STATE OF MONTANA

OP 23-0626

DONALD GRANT,

Petitioner,

v.

JIM SALMONSEN, Warden,
State of Montana,

Respondent.

FILED

NOV 1 4 2023

Bowen Greenwood
Clerk of Supreme Court
State of Montana

O R D E R

Donald Grant petitions self-represented for a Writ of Habeas Corpus. He alleges that the charging documents to commence his prosecution or "these informations, of every kind, are confined by the Constitutional law to mere misdemeanors only[.]" Citing Blackstone's Commentaries and 19th century case law, Grant claims that his conviction is void and that "the 'King's Bench' [now] is codified Constitutional law out of the United States Supreme Court, and in use in the Colony(s) which [later] became the United States of America." He requests his immediate release from prison due to illegal incarceration because the State of Montana commenced his criminal prosecution via an Information in the Twentieth Judicial District Court, Lake County.

In 1982, the State charged Grant by Information with felony deliberate homicide and felony attempted deliberate homicide. In February 1983, the District Court sentenced Grant to 100 years for deliberate homicide, 40 years for attempted deliberate homicide, and an additional term of ten years on each charge for use of a firearm, the sentences on each count to run consecutively. The court imposed a twenty-two-year parole ineligibility restriction. Grant did not appeal.

Grant cites § 1-1-105, MCA, as a basis for his arguments. That section reads: "The organic law is the constitution of government and is altogether written. Other written laws are denominated statutes. The written law of this state is therefore contained in its constitution and statutes and in the constitution and statutes of the United States." Within that same title and chapter, a statute provides that Montana law should take precedence. "In this state there is no common law in any case where the law is declared by statute." Section 1-1-108, MCA. Under § 1-1-109, MCA, "[t]he common law of England . . . is the rule of decision in all the courts of this state[,]" as long as it is not "inconsistent with" the laws of constitution of this State.

Montana's Legislature has declared by statute that an information is one method to charge an offender with a felony criminal offense. Section 46-11-101(3), MCA. This Court has held that Montana statutes offer four methods to commence a prosecution in this state, one of which is "an information after leave of court has been granted[.]" *State v. Montgomery*, 2015 MT 151, ¶ 11, 379 Mont. 353, 350 P.3d 77; § 46-11-101(3), MCA. "'[A] defendant is not entitled to any specific procedure.'" *Montgomery*, ¶ 11 (citing *State v. Haller*, 2013 MT 199, ¶ 8, 371 Mont. 86, 306 P.3d 338) (internal citation omitted). If the State commences prosecution by filing an application and an affidavit that identifies supporting evidence demonstrating probable cause, the district court has subject matter jurisdiction to proceed "over the felonies as stated in Mont. Const. art. VII, § 4(1) and § 3-5-302(1)(a), MCA[.]" *Montgomery*, ¶ 11.

We conclude that Grant is not entitled to a writ of habeas corpus. The State of Montana commenced his felony prosecution according to Montana's Constitution and statutes by filing an application and supporting affidavit for leave of court to charge Grant by information. Section 46-11-201(1), MCA (1981). *See also Montgomery*, ¶¶ 9-11; Mont. Const. art. II, § 20(1); §§ 46-11-101(3), and 46-11-102(1), MCA. The District Court had subject matter jurisdiction, and the Judgment is not void. Grant has not demonstrated illegal incarceration. Section 46-22-101(1), MCA.

IT IS THEREFORE ORDERED that Grant's Petition for Writ of Habeas Corpus is DENIED and DISMISSED.

IT IS FURTHER ORDERED that this case is CLOSED as of this Order's date.

The Clerk is directed to provide a copy of this Order to counsel of record and to Donald Grant personally.

DATED this 14 day of November, 2023.

_____
Chief Justice

_____

_____

_____

_____
Justices

3