

FILED

11/14/2023

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: OP 23-0624

IN THE SUPREME COURT OF THE STATE OF MONTANA

OP 23-0624

BRAD EDWARD DAFFIN,

Petitioner,

v.

JIM SALMONSEN, WARDEN

Respondent.

FILED

NOV 1 4 2023

Bowen Greenwood
Clerk of Supreme Court
State of Montana

ORDER

Brad Edward Daffin alleges illegal incarceration and requests his immediate release in his Petition for Writ of Habeas Corpus. He argues his incarceration is illegal because the State improperly commenced his criminal prosecution via an Information, offering that "these informations, of every kind, are confined by the Constitutional law to mere misdemeanors only," citing Blackstone's Commentaries and other case law from the 19th century ("the 'King's Bench' [now] is codified Constitutional law out of the United States Supreme Court, and in use in the Colony(s) which [later] became the United States of America.").

In 2014, the State of Montana charged Daffin with seventeen felonies in District Court. A jury found him guilty of sixteen offenses, and on September 16, 2015, the District Court issued a Judgment and Commitment that sentenced Daffin to five consecutive life sentences. Through counsel, Daffin appealed, challenging the court's admittance of evidence and its application of the Rape Shield Law. *State v. Daffin*, 2017 MT 76, 387 Mont. 154, 392 P.3d 150. This Court affirmed his convictions. *Daffin*, ¶¶ 1, 35.

Daffin cites to § 1-1-105, MCA, as a basis for his arguments. That section reads: "The organic law is the constitution of government and is altogether written. Other written laws are denominated statutes. The written law of this state is therefore contained in its constitution and statutes and in the constitution and statutes of the United States."

However, within that title and chapter, another statute provides that Montana law take precedence. "In this state there is no common law in any case where the law is declared by statute." Section 1-1-108, MCA. Under § 1-1-109, MCA, "[t]he common law of England . . . is the rule of decision in all the courts of this state[,]" as long as it is not "inconsistent with" the laws of constitution of this State.

Montana's Legislature has declared by statute that an information is one method to charge an offender with a felony criminal offense. Section 46-11-101(3), MCA. This Court has held that Montana statutes offer four methods to commence a prosecution in this state, one of which is "an information after leave of court has been granted[.]" *State v. Montgomery*, 2015 MT 151, ¶ 11, 379 Mont. 353, 350 P.3d 77; § 46-11-101(3), MCA. "'[A] defendant is not entitled to any specific procedure.'" *Montgomery*, ¶ 11 (citing *State v. Haller*, 2013 MT 199, ¶ 8, 371 Mont. 86, 306 P.3d 338) (internal citation omitted). If the State commences prosecution by filing an application and an affidavit that identifies supporting evidence demonstrating probable cause, the district court has subject matter jurisdiction to proceed "over the felonies as stated in Mont. Const. art. VII, § 4(1) and § 3-5-302(1)(a), MCA[.]" *Montgomery*, ¶ 11.

We conclude that Daffin is not entitled to a writ of habeas corpus. The State of Montana commenced his felony prosecution according to Montana's Constitution and statutes by filing an application and supporting affidavit for leave of court to charge Daffin by information. Section 46-11-201(2), MCA (2013). *See also Montgomery*, ¶¶ 9-11; Mont. Const. art. II, § 20(1); §§ 46-11-101(3), and 46-11-102(1), MCA. The District Court had subject matter jurisdiction, and the Judgment is not void. Daffin has not demonstrated illegal incarceration. Section 46-22-101(1), MCA. Accordingly,

IT IS ORDERED that Daffin's Petition for Writ of Habeas Corpus is DENIED and DISMISSED.

IT IS FURTHER ORDERED that this matter is CLOSED as of this Order's date.

The Clerk is directed to provide a copy to counsel of record and to Brad Edward Daffin personally.

DATED this 14th day of November, 2023.

_____
Chief Justice

_____

_____

_____
Justices

3