ORIGINAL


FILED

04/23/2024

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: OP 24-0227

IN THE SUPREME COURT OF THE STATE OF MONTANA

OP 24-0227

FILED

APR 2 3 2024

Bowen Greenwood
Clerk of Supreme Court
State of Montana

DOUGLAS P. PASQUINZO,

Petitioner,

v.

JAMES SALMONSEN, Warden,
Montana State Prison,

Respondent.

ORDER

Douglas P. Pasquinzo petitions this Court for habeas corpus relief, contending that he is being held illegally and includes a "Supplement Brief." He posits: "The Court has failed in the past stating that its 5th Amendment of the Constitution U.S. has not been extended to [persons] in the State[]s." Pasquinzo is referring to our decision in *State v. Montgomery*, 2015 MT 151, ¶ 11, 379 Mont. 353, 350 P.3d 77, where we pointed out that the U.S. Constitution's "Fifth Amendment's grand jury requirement has not been construed to apply to the states." *Montgomery*, ¶ 9. He puts forth that the Fourteenth Amendment "is and has been the controlling law and the protection of [h]is rights." Pasquinzo wants his immediate release, claiming that the court's judgment and sentence are void.

On June 15, 2016, the Fifth Judicial District Court, Jefferson County, sentenced Pasquinzo to the Montana State Prison to concurrent terms of fifteen years with five years suspended for two counts of sexual assault after accepting his guilty pleas pursuant to a plea agreement. He did not appeal.

We conclude that Pasquinzo's arguments lack merit. In *Montgomery*, we also pointed to United States Supreme Court case law, distinguishing the grand jury requirement for indictment in federal cases as opposed to state cases. *Montgomery*, ¶ 9 (citing *Apprendi*

*v. New Jersey*, 530 U.S. 466, 477 n.3, 120 S. Ct. 2348, 2355 n.3 (2000) (noting that the Fourteenth Amendment "has not . . . been construed to include the Fifth Amendment right to 'presentment or indictment of a Grand Jury. . . .'")).

The Montana Legislature has provided a statutory scheme for felony prosecution. This Court has held that Montana statutes offer four methods to commence a prosecution in this state, one of which is "an information after leave of court has been granted[.]" *Montgomery*, ¶ 11; § 46-11-101(3), MCA. In Montana, an information is one method to charge an offender with a criminal offense—misdemeanor or felony—under statute. Section 46-11-101(3), MCA. "'[A] defendant is not entitled to any specific procedure.'" *Montgomery*, ¶ 11 (citing *State v. Haller*, 2013 MT 199, ¶ 8, 371 Mont. 86, 306 P.3d 338) (internal citation omitted). If the State commences prosecution by filing an application and an affidavit that identifies supporting evidence demonstrating probable cause, the district court has subject matter jurisdiction to proceed "over the felonies as stated in Mont. Const. art. VII, § 4(1) and § 3-5-302(1)(a), MCA[.]" *Montgomery*, ¶ 11.

The State of Montana commenced Pasquinzo's felony prosecution according to Montana's Constitution and under its applicable statutory scheme by filing an application -which includes an information for leave of court along with an affidavit supported by evidence. Section 46-11-201(2), MCA (2013). *See also Montgomery*, ¶¶ 9-11; Mont. Const. art. II, § 20(1); §§ 46-11-101(3), and 46-11-102(1), MCA. The District Court had subject matter jurisdiction, and the court's Sentencing Order is not void.

Pasquinzo has not demonstrated illegal incarceration. Section 46-22-101(1), MCA. Having exhausted the remedy of appeal by not appealing, he cannot now raise claims concerning his convictions, and he is precluded procedurally from challenging it. Section 46-22-101(2), MCA. His convictions are not void. Pasquinzo has a lawful sentence, and he is not entitled to his release. Therefore,

IT IS ORDERED that Pasquinzo's Petition for Writ of Habeas Corpus is DENIED and DISMISSED.

IT IS FURTHER ORDERED that this case is CLOSED as of this Order's date.

2

The Clerk is directed to provide a copy of this Order to counsel of record and to Douglas P. Pasquinzo personally.

DATED this ____ day of April, 2024.

_____
Chief Justice

_____

_____

_____

_____
Justices