ORIGINAL


FILED

04/23/2024

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: OP 24-0224

IN THE SUPREME COURT OF THE STATE OF MONTANA

OP 24-0224

FILED

APR 23 2024

Bowen Greenwood
Clerk of Supreme Court
State of Montana

DONALD DEAN GRANT,

Petitioner,

v.

JIM SALMONSEN, WARDEN,
MONTANA STATE PRISON,

Respondent.

ORDER

Self-represented Petitioner Donald Grant petitions this Court for a Writ of Habeas Corpus, alleging illegal incarceration based on the lack of jurisdiction for his prosecution. He posits: "The Court has failed in the past stating that its 5th Amendment of the Constitution U.S. has not been extended to [persons] in the State[]s." Grant refers to our decision in *State v. Montgomery*, 2015 MT 151, ¶ 11, 379 Mont. 353, 350 P.3d 77, where we pointed out that the U.S. Constitution's "Fifth Amendment's grand jury requirement has not been construed to apply to the states." *Montgomery*, ¶ 9. He argues that the Fourteenth Amendment "is and has been the controlling law and the protection of [h]is rights." Grant wants his immediate release and claims that court's judgment and sentence are void.

Grant is serving a 160-year prison sentence. This Court answered Grant's similar question challenging his commencement prosecution last year. *See Grant v. Salmonsen*, No. OP 23-0626, Order, at 2-3 (Mont. Nov. 14, 2023). We concluded that Grant is not entitled to a writ of habeas corpus.

We again conclude that Grant's arguments lack merit. In *Montgomery*, we pointed to United States Supreme Court case law, distinguishing the grand jury requirement for indictment in federal cases from the procedure used in state cases. *Montgomery*, ¶ 9 (citing

*Apprendi v. New Jersey*, 530 U.S. 466, 477 n.3, 120 S. Ct. 2348, 2355 n.3 (2000) (noting that the Fourteenth Amendment "has not . . . been construed to include the Fifth Amendment right to 'presentment or indictment of a Grand Jury. . . .'")).

The Montana Legislature has provided a statutory scheme for felony prosecution, and these statutes offer four methods to commence a prosecution in this state, one of which is "an information after leave of court has been granted[.]" *Montgomery*, ¶ 11; § 46-11-101(3), MCA. In Montana, an information is one method to charge an offender with a criminal offense—misdemeanor or felony—under statute. Section 46-11-101(3), MCA. "'[A] defendant is not entitled to any specific procedure.'" *Montgomery*, ¶ 11 (citing *State v. Haller*, 2013 MT 199, ¶ 8, 371 Mont. 86, 306 P.3d 338) (internal citation omitted).

The State of Montana commenced Grant's felony prosecution according to Montana's Constitution and under its applicable statutory scheme by filing an application for leave of court to file charges by information, along with an affidavit supported by evidence. Section 46-11-201(2), MCA (1981). *See also Montgomery*, ¶¶ 9-11; Mont. Const. art. II, § 20(1); §§ 46-11-101(3), and 46-11-102(1), MCA. The District Court had subject matter jurisdiction, and the court's judgment is not void. Grant has not demonstrated illegal incarceration. Section 46-22-101(1), MCA. He has a lawful sentence, and he is not entitled to his release. Therefore,

IT IS ORDERED that Grant's Petition for Writ of Habeas Corpus is DENIED and DISMISSED.

IT IS FURTHER ORDERED that this case is CLOSED as of this Order's date.

The Clerk is directed to provide a copy of this Order to counsel of record and to Donald Grant personally.

DATED this ⊂Ɔ day of April, 2024.

_____

Chief Justice

2

_____

_____

_____

_____
Justices

3