ORIGINAL



FILED

05/15/2024

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: OP 24-0248

IN THE SUPREME COURT OF THE STATE OF MONTANA

OP 24-0248

SCOTT DEON COOK,

Petitioner,

v.

JIM SALMONSEN, Warden,
Montana State Prison,

Respondent.

FILED

MAY 1 4 2024

Bowen Greenwood
Clerk of Supreme Court
State of Montana

ORDER

Scott Deon Cook petitions this Court for habeas corpus relief, contending that he is being held illegally and includes a "Supplement Brief." He posits: "The Court has failed in the past stating that its 5ᵗʰ Amendment of the Constitution U.S. has not been extended to [persons] in the State[]s." Cook is referring to our decision in *State v. Montgomery*, 2015 MT 151, ¶ 11, 379 Mont. 353, 350 P.3d 77, where we pointed out that the U.S. Constitution's "Fifth Amendment's grand jury requirement has not been construed to apply to the states." *Montgomery*, ¶ 9. He puts forth that the Fourteenth Amendment "is and has been the controlling law and the protection of [h]is rights." Cook wants dismissal of his charges.

On September 30, 2022, the Second Judicial District Court, Butte-Silver Bow County, sentenced Cook to the Montana State Prison for a ten-year term for aggravated assault and a concurrent, thirty-year term with ten years suspended for aggravated burglary. Cook did not appeal.

Upon review, we conclude that Cook's arguments lack merit. In *Montgomery*, we also pointed to United States Supreme Court case law, distinguishing the grand jury requirement for indictment in federal cases as opposed to state cases. *Montgomery*, ¶ 9

(citing *Apprendi v. New Jersey*, 530 U.S. 466, 477 n.3, 120 S. Ct. 2348, 2355 n.3 (2000) (noting that the Fourteenth Amendment "has not . . . been construed to include the Fifth Amendment right to 'presentment or indictment of a Grand Jury. . . .'"")).

The Montana Legislature has provided a statutory scheme for felony prosecution. This Court has held that Montana statutes offer four methods to commence a prosecution in this state, one of which is "an information after leave of court has been granted[.]" *Montgomery*, ¶ 11; § 46-11-101(3), MCA. In Montana, an information is one method to charge an offender with a criminal offense—misdemeanor or felony—under statute. Section 46-11-101(3), MCA. "'[A] defendant is not entitled to any specific procedure.'" *Montgomery*, ¶ 11 (citing *State v. Haller*, 2013 MT 199, ¶ 8, 371 Mont. 86, 306 P.3d 338) (internal citation omitted). If the State commences prosecution by filing an application and an affidavit that identifies supporting evidence demonstrating probable cause, the district court has subject matter jurisdiction to proceed "over the felonies as stated in Mont. Const. art. VII, § 4(1) and § 3-5-302(1)(a), MCA[.]" *Montgomery*, ¶ 11.

The State of Montana commenced Cook's felony prosecution according to Montana's Constitution and under its applicable statutory scheme by filing an application which includes an information for leave of court along with an affidavit supported by evidence. Section 46-11-201(2), MCA (2021). *See also Montgomery*, ¶¶ 9-11; Mont. Const. art. II, § 20(1); §§ 46-11-101(3), and 46-11-102(1), MCA. The District Court had subject matter jurisdiction, and the court's Sentencing Order is not void.

Cook has not demonstrated illegal incarceration. Section 46-22-101(1), MCA. He is not entitled to dismissal of the charges or his release. Cook has exhausted the remedy of appeal by not appealing his convictions in 2022, and thus, he is precluded from challenging his convictions through a writ of habeas corpus. Section 46-22-101(2), MCA. Cook has a lawful sentence for his valid convictions. Therefore,

IT IS ORDERED that Cook's Petition for Writ of Habeas Corpus is DENIED and DISMISSED.

2

IT IS FURTHER ORDERED that this case is CLOSED as of this Order's date.

The Clerk is directed to provide a copy of this Order to counsel of record and to Scott Deon Cook personally.

DATED this 14ᵗʰ day of May, 2024.

_____
Chief Justice

_____

_____

_____

_____
Justices

3