ORIGINAL



FILED

08/27/2024

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: OP 24-0465

IN THE SUPREME COURT OF THE STATE OF MONTANA

OP 24-0465

---

DARREN C. DEMARIE,

Petitioner,

v.

J.D. GODFREY, WARDEN,
CROSSROADS CORRECTIONAL CENTER,

Respondent.

ORDER

---

Darren C. DeMarie petitions this Court for habeas corpus relief, arguing that he was improperly prosecuted in the Thirteenth Judicial District Court, Yellowstone County. DeMarie asserts that he "recently discovered" this problem in his criminal case (Cause Number DC-91-261). DeMarie argues that he was "improperly prosecuted" because "the [S]tate failed to indict [him] by Grand Jury" and he never signed a "Waiver of Indictment by Grand Jury." As supporting authority for his argument, DeMarie cites *Makin v. U.S.*, 117 U.S. 348, 6 S. Ct. 777 (1886).

In June 1991, the State of Montana charged DeMarie with felony deliberate homicide by seeking leave to file an Information in Yellowstone County. On November 19, 1992, after accepting his earlier guilty plea, the District Court sentenced DeMarie to 100 years in the Montana State Prison. The court awarded 534 days of credit for time served and imposed a parole ineligibility restriction of seventeen and a half years. DeMarie did not appeal.

In November 2022, the Powell County District Court sentenced DeMarie for two felonies, including conspiracy to commit escape. He received two concurrent, eight-year terms to run consecutively to his prior sentence. Through counsel, DeMarie has an appeal pending with this Court on his Powell County case. *State v. DeMarie*, No. DA 23-0017.

DeMarie argues that because he was not indicted by a grand jury, his deliberate homicide conviction cannot stand. DeMarie requests his immediate release from prison and expungement of all charges. He also requests the "release and dismissal of charges for all similarly situated Persons, Individuals, and Citizens of these United States of America being unlawfully held by the State of Montana[.]" (Emphasis in original).

This Court has heard this argument before. *State v. Montgomery*, 2015 MT 151, 379 Mont. 353, 350 P.3d 77. Almost a decade ago, we explained that the U.S. Constitution's "Fifth Amendment's grand jury requirement has not been construed to apply to the states." *Montgomery*, ¶ 9. DeMarie's premise and basis for his writ have no merit.

In *Montgomery*, we pointed to more recent United States Supreme Court case law, distinguishing the grand jury requirement for indictment in federal cases as opposed to state cases. *Montgomery*, ¶ 9 (citing *Apprendi v. New Jersey*, 530 U.S. 466, 477 n.3, 120 S. Ct. 2348, 2355 n.3 (2000) (noting that the Fourteenth Amendment "has not . . . been construed to include the Fifth Amendment right to 'presentment or indictment of a Grand Jury. . . .'")).

The Montana Legislature has provided a statutory scheme for felony prosecution. This Court has held that Montana statutes offer four methods to commence a prosecution in this state, one of which is "an information after leave of court has been granted[.]" *Montgomery*, ¶ 11; § 46-11-101(3), MCA. In Montana, an information is one method to charge an offender with a criminal offense—misdemeanor or felony—under statute. Section 46-11-101(3), MCA. "'[A] defendant is not entitled to any specific procedure.'" *Montgomery*, ¶ 11 (citing *State v. Haller*, 2013 MT 199, ¶ 8, 371 Mont. 86, 306 P.3d 338) (internal citation omitted). If the State commences prosecution by filing an application and an affidavit that identifies supporting evidence demonstrating probable cause, the district court has subject matter jurisdiction to proceed "over the felonies as stated in Mont. Const. art. VII, § 4(1) and § 3-5-302(1)(a), MCA[.]" *Montgomery*, ¶ 11.

The State of Montana commenced DeMarie's felony prosecution according to Montana's Constitution and under its applicable statutory scheme by filing an application which includes an information for leave of court along with an affidavit supported by

2

evidence. Section 46-11-201(2), MCA (1989). *See also Montgomery*, ¶¶ 9-11; Mont. Const. art. II, § 20(1); §§ 46-11-101(3), and 46-11-102(1), MCA. The District Court had subject matter jurisdiction. The State was not required to obtain DeMarie's waiver of his right to indictment by grand jury because he had no right to indictment by grand jury.

DeMarie cannot request relief for or otherwise represent "similarly situated" persons because he is not a licensed attorney. Section 37-61-201, MCA.

DeMarie has not demonstrated illegal incarceration. Section 46-22-101(1), MCA. DeMarie was not improperly prosecuted, and his conviction is not void. DeMarie has a lawful sentence, and he is not entitled to his release. Therefore,

IT IS ORDERED that DeMarie's Petition for Writ of Habeas Corpus is DENIED and DISMISSED.

IT IS FURTHER ORDERED that this case is CLOSED as of this Order's date.

The Clerk is directed to provide a copy of this Order to counsel of record and to Darren Charles DeMarie personally.

DATED this 27 day of August, 2024.

**FILED**

AUG 27 2024

Bowen Greenwood
Clerk of Supreme Court
State of Montana

Justices

3