IN THE SUPREME COURT OF THE STATE OF MONTANA
OP 24-0611



ORIGINAL

FILED

11/12/2024

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: OP 24-0611

MARLON D. THOMAS,

     Petitioner,

v.

STATE OF MONTANA, and
D.J. GODFREY, Warden,
Crossroads Correctional Center,

     Respondents.

ORDER

FILED

NOV 1 2 2024

Bowen Greenwood
Clerk of Supreme Court
State of Montana

Self-represented Petitioner Marlon D. Thomas has filed a Petition for Writ of Habeas Corpus, alleging he is illegally incarcerated and requesting his immediate release from prison. Thomas argues this Court should "expunge" two convictions, dating back to 2016, entered in the Thirteenth Judicial District Court. Thomas alleges "the State failed to indict by grand jury[,]" and lists fourteen issues, which appear to be similar to other issues being raised to this Court by inmates at the Crossroads Correctional Facility where Johnson is incarcerated. We amend the caption to include the Warden's name. Section 46-22-201(1)(c), MCA.

We have reviewed Thomas's criminal records. Thomas appealed his felony convictions of aggravated promotion of prostitution and promoting prostitution. *State v. Thomas*, 2020 MT 281, 402 Mont. 62, 476 P.3d 26. We affirmed.

Thomas challenges the District Court's jurisdiction based on the manner his felony prosecution was commenced. Thomas's argument lacks merit. This Court has addressed this argument many times. *State v. Montgomery*, 2015 MT 151, 379 Mont. 353, 350 P.3d 77. Almost a decade ago, we explained that the U.S. Constitution's "Fifth Amendment's grand jury requirement has not been construed to apply to the states." *Montgomery*, ¶ 9. In *Montgomery*, we relied upon recent United States Supreme Court case law

distinguishing the grand jury requirement for indictment in federal cases from state cases. *Montgomery*, ¶ 9 (citing *Apprendi v. New Jersey*, 530 U.S. 466, 477 n.3, 120 S. Ct. 2348, 2355 n.3 (2000) (noting that the Fourteenth Amendment "has not . . . been construed to include the Fifth Amendment right to 'presentment or indictment of a Grand Jury. . . .'")). Here, the District Court had subject matter jurisdiction of Thomas's case. *Montgomery*, ¶ 11. We decline to consider Thomas's fourteen issues in a writ of habeas corpus.

Thomas has not demonstrated illegal incarceration. Section 46-22-101(1), MCA. Thomas has had an appeal and, thus, he is procedurally barred from challenging or raising these claims in a habeas corpus petition. Section 46-22-101(2), MCA. He was not improperly prosecuted, and his convictions are not void. Thomas has a lawful sentence, and he is not entitled to release. Therefore,

IT IS ORDERED that Thomas's Petition for Writ of Habeas Corpus is DENIED and DISMISSED.

IT IS FURTHER ORDERED that this case is CLOSED as of this Order's date.

The Clerk is directed to provide a copy of this Order to counsel of record and to Marlon D. Thomas personally.

DATED this ____ day of November, 2024.

_____
Chief Justice

_____

_____

_____

_____
Justices

2