

ORIGINAL

FILED

11/13/2024

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: OP 24-0612

IN THE SUPREME COURT OF THE STATE OF MONTANA

OP 24-0612

TOSTON GRAY LAFOURNAISE,

Petitioner,

v.

DEMETRIC GODFREY, Warden,
Crossroads Correctional Center,

Respondent.

ORDER

FILED

NOV 1 2 2024

Bowen Greenwood
Clerk of Supreme Court
State of Montana

Toston Gray LaFournaise has filed a Petition for Writ of Habeas Corpus, alleging he is illegally incarcerated and requesting his immediate release from prison. LaFournaise argues this Court should "expunge" his 2018 criminal case from the First Judicial District Court where he was convicted. He includes a copy of a three-page form, alleging that "the State failed to indict by grand jury[,]" and lists fourteen issues, which appear to be similar issues raised by other inmates at the Crossroads Correctional Facility where LaFournaise is incarcerated.

After our review of LaFournaise's criminal records, LaFournaise, through counsel, appealed his felony conviction of sexual intercourse without consent. *State v. LaFournaise*, 2022 MT 36, 407 Mont. 399, 504 P.3d 486. We affirmed.

LaFournaise currently challenges the District Court's jurisdiction in that case based upon the manner in which his felony prosecution was commenced. His premise and basis for his writ lack merit. This Court has heard this argument many times. *State v. Montgomery*, 2015 MT 151, 379 Mont. 353, 350 P.3d 77. Almost a decade ago, we explained that the U.S. Constitution's "Fifth Amendment's grand jury requirement has not been construed to apply to the states." *Montgomery*, ¶ 9. In *Montgomery*, we pointed to more recent United States Supreme Court case law, distinguishing the grand jury requirement for indictment in federal cases to state cases. *Montgomery*, ¶ 9 (citing

*Apprendi v. New Jersey*, 530 U.S. 466, 477 n.3, 120 S. Ct. 2348, 2355 n.3 (2000) (noting that the Fourteenth Amendment "has not . . . been construed to include the Fifth Amendment right to 'presentment or indictment of a Grand Jury. . . .'")). The District Court had subject matter jurisdiction of LaFournaise's case. *Montgomery*, ¶ 11. We decline to consider LaFournaise's fourteen issues in a writ of habeas corpus.

LaFournaise has not demonstrated illegal incarceration. Section 46-22-101(1), MCA. LaFournaise is procedurally precluded from challenging or raising any claims against his convictions when those claims have been reviewed on appeal. Section 46-22-101(2), MCA. He was not improperly prosecuted, and his conviction is not void. LaFournaise has a lawful sentence, and he is not entitled to his release. Therefore,

IT IS ORDERED that LaFournaise's Petition for Writ of Habeas Corpus is DENIED and DISMISSED.

IT IS FURTHER ORDERED that this case is CLOSED as of this Order's date.

The Clerk is directed to provide a copy of this Order to counsel of record and to Toston Gray LaFournaise personally.

DATED this _12_ day of November, 2024.

Justices

2