ORIGINAL

FILED

11/12/2024

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: OP 24-0614

IN THE SUPREME COURT OF THE STATE OF MONTANA

OP 24-0614

DUANE ANGELO BURCHILL,

Petitioner,

v.

J.D. GODFREY, Warden,
Crossroads Correctional Center,

Respondent.

ORDER

FILED

NOV 1 2 2024

Bowen Greenwood
Clerk of Supreme Court
State of Montana

Representing himself, Duane Angelo Burchill has filed a Petition for Writ of Habeas Corpus, alleging illegal incarceration and requesting his immediate release from prison. Burchill asserts that this Court should "expunge" his criminal case from the Eighteenth Judicial District Court. Burchill includes a copy of a three-page form, alleging that "the State failed to indict by grand jury." Burchill also lists fourteen issues for our consideration.

Burchill was convicted of felony robbery, and the District Court imposed a forty-year prison sentence on February 13, 2018. The District Court also sentenced him for two other felonies. Burchill appealed. We affirmed. *State v. Burchill*, 2019 MT 285, 598 Mont. 52, 454 P.3d 633.

Burchill's argument challenges the District Court's jurisdiction due to the commencement method for felony prosecution. His premise and basis for his writ lack merit. This Court has heard this argument before. *State v. Montgomery*, 2015 MT 151, 379 Mont. 353, 350 P.3d 77. Almost a decade ago, we explained that the U.S. Constitution's "Fifth Amendment's grand jury requirement has not been construed to apply to the states." *Montgomery*, ¶ 9. In *Montgomery*, we pointed to more recent United States Supreme Court case law, distinguishing the grand jury requirement for indictment in federal cases as opposed to state cases. *Montgomery*, ¶ 9 (citing *Apprendi v. New Jersey*,

530 U.S. 466, 477 n.3, 120 S. Ct. 2348, 2355 n.3 (2000) (noting that the Fourteenth Amendment "has not . . . been construed to include the Fifth Amendment right to 'presentment or indictment of a Grand Jury. . . .'")). The District Court did not lack subject matter jurisdiction. *Montgomery*, ¶ 11. We decline to consider Burchill's fourteen issues in a writ of habeas corpus.

Burchill has not demonstrated illegal incarceration. Section 46-22-101(1), MCA. He has exhausted the remedy of appeal, thereby precluding any current challenge concerning his convictions in this writ. Section 46-22-101(2), MCA. He was not improperly prosecuted, and his convictions are not void. Burchill has a lawful sentence, and he is not entitled to his release. Therefore,

IT IS ORDERED that Burchill's Petition for Writ of Habeas Corpus is DENIED and DISMISSED.

IT IS ORDERED that this case is CLOSED as of this Order's date.

The Clerk is directed to provide a copy of this Order to counsel of record and to Duane Angelo Burchill personally.

DATED this 12 day of November, 2024.

_____
Chief Justice

_____

_____

_____

_____
Justices

2