ORIGINAL

FILED

11/12/2024

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: OP 24-0613

IN THE SUPREME COURT OF THE STATE OF MONTANA

OP 24-0613

RYAN ANDREW BYRD,

Petitioner,

v.

D.J. GODFREY, Warden,
Crossroads Correctional Center,

Respondent.

O R D E R

FILED

NOV 1 2 2024

Bowen Greenwood
Clerk of Supreme Court
State of Montana

Ryan Andrew Byrd has filed a Petition for Writ of Habeas Corpus, alleging illegal incarceration and requesting his immediate release from prison. Byrd requests that this Court "expunge" the five criminal cases over the last decade from three different Montana Judicial District Courts—Twentieth, Eighteenth, and Eleventh—where he was convicted and sentenced. He never appealed his convictions and sentences. Byrd includes a copy of a three-page form, alleging that "the State failed to indict by grand jury[,]" and listing fourteen issues, which appears to be circulating around the Crossroads Correctional Facility where Byrd is incarcerated.

Byrd's argument challenges the District Court's jurisdiction due to the method by which his felony prosecutions were commenced. Byrd's premise and basis for his writ lack merit. This Court has considered and rejected this argument before. *State v. Montgomery*, 2015 MT 151, 379 Mont. 353, 350 P.3d 77. Almost a decade ago, we explained that the U.S. Constitution's "Fifth Amendment's grand jury requirement has not been construed to apply to the states." *Montgomery*, ¶ 9. In *Montgomery*, we pointed to more recent United States Supreme Court case law, distinguishing the grand jury requirement for indictment in federal cases as opposed to state cases. *Montgomery*, ¶ 9 (citing *Apprendi v. New Jersey*, 530 U.S. 466, 477 n.3, 120 S. Ct. 2348, 2355 n.3 (2000)

(noting that the Fourteenth Amendment "has not . . . been construed to include the Fifth Amendment right to 'presentment or indictment of a Grand Jury. . . .'")). The District Court had subject matter jurisdiction. *Montgomery*, ¶ 11. We decline to consider Byrd's fourteen issues in a writ of habeas corpus.

Byrd has not demonstrated illegal incarceration. Section 46-22-101(1), MCA. By not appealing, Byrd has exhausted the remedy of appeal, and he cannot now raise claims concerning his convictions. He is precluded procedurally from challenging it. Section 46-22-101(2), MCA. He was not improperly prosecuted, and his convictions are not void. Byrd has a lawful sentence, and he is not entitled to his release. Therefore,

IT IS ORDERED that Byrd's Petition for Writ of Habeas Corpus is DENIED and DISMISSED.

IT IS FURTHER ORDERED that this case is CLOSED as of this Order's date.

The Clerk is directed to provide a copy of this Order to counsel of record and to Ryan Andrew Byrd personally.

DATED this 12th day of November, 2024.

_____
Chief Justice

_____

_____

_____

_____
Justices

2