ORIGINAL



FILED

11/12/2024

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: OP 24-0635

IN THE SUPREME COURT OF THE STATE OF MONTANA

OP 24-0635

SHANE CLARK JOHNSON,

Petitioner,

v.

D.J. GODFREY, Warden,
Crossroads Correctional Center,

Respondent.

ORDER

FILED

NOV 1 2 2024

Bowen Greenwood
Clerk of Supreme Court
State of Montana

Self-represented Petitioner Shane Clark Johnson has filed a Petition for Writ of Habeas Corpus, alleging illegal incarceration and requesting his immediate release from prison. Johnson requests that this Court "expunge" his 2013 criminal case from the Twelfth Judicial District Court where he was convicted and sentenced. Johnson includes a copy of a three-page form, alleging that "the State failed to indict by grand jury[,]" and listing fourteen issues, which appears to be circulating around the Crossroads Correctional Facility where Johnson is incarcerated.

Upon review of this Court's docket, Johnson appealed his felony conviction of negligent homicide twice. In a September 15, 2020 Order, this Court vacated Johnson's sentencing judgment on the State's concession that the District Court committed reversible error. *State v. Johnson*, No. DA 17-0033, Order remanding matter for a new trial (Mont. Sept. 15, 2020). Johnson had a new trial, and he appealed the District Court's sentencing judgment. We affirmed. *State v. Johnson*, 2024 MT 152, 417 Mont. 221, 552 P.3d 683.

Johnson challenges the District Court's jurisdiction based on the method by which his felony prosecution was commenced. Johnson's premise and basis for his writ lack merit. This Court has considered and rejected this argument before. *State v. Montgomery*, 2015 MT 151, 379 Mont. 353, 350 P.3d 77. Almost a decade ago, we explained that the

U.S. Constitution's "Fifth Amendment's grand jury requirement has not been construed to apply to the states." *Montgomery*, ¶ 9. In *Montgomery*, we pointed to more recent United States Supreme Court case law, distinguishing the grand jury requirement for indictment in federal cases as opposed to state cases. *Montgomery*, ¶ 9 (citing *Apprendi v. New Jersey*, 530 U.S. 466, 477 n.3, 120 S. Ct. 2348, 2355 n.3 (2000) (noting that the Fourteenth Amendment "has not . . . been construed to include the Fifth Amendment right to 'presentment or indictment of a Grand Jury. . . .'")). The District Court had subject matter jurisdiction of Johnson's case. *Montgomery*, ¶ 11. We decline to consider Johnson's fourteen issues in a writ of habeas corpus.

Johnson has not demonstrated illegal incarceration. Section 46-22-101(1), MCA. By appealing, Johnson has exhausted the remedy of appeal, and he is procedurally precluded from challenging his convictions through this petition. Section 46-22-101(2), MCA. He was not improperly prosecuted, and his conviction is not void. He has a lawful sentence, and he is not entitled to his release. Therefore,

IT IS ORDERED that Johnson's Petition for Writ of Habeas Corpus is DENIED and DISMISSED.

IT IS FURTHER ORDERED that this case is CLOSED as of this Order's date.

The Clerk is directed to provide a copy of this Order to counsel of record and to Shane Clark Johnson personally.

DATED this 12th day of November, 2024.

_____
Chief Justice

_____

_____

2

_____

_____
Justices